■ In the Matter of GRACE SAILER, Individually and as Mother and Designated Beneficiary of THOMAS SAILER, Deceased, Respondent, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, et al., Appellants.—Order and judgment (one paper) of the Supreme Court, New York County (Alvin F. Klein, J.), entered July 5, 1984, which: (1) granted the petition, brought pursuant to CPLR article 78; (2) annulled the determination of the respondents that denied the petitioner's application for accidental death benefits; and (3) directed that the respondents award the petitioner such benefits, is unanimously modified, on the law and on the facts, only to the extent of: (1) striking the decretal paragraph of the order which awards benefits to the petitioner, and (2) remanding the petitioner's application to the respondent Board of Trustees for forwarding to the Medical Board for further consideration, and otherwise affirmed, without costs.

Thomas Sailer was appointed a New York City Police Officer on January 3, 1983, and, on that same date, he became

a member of the Police Pension Fund, Article II (Pension Fund). Thereafter, on February 24, 1983, he performed a tour of duty, which included participating in an exercise class at the Police Academy. The next morning, at approximately 9:00 A.M., he was admitted to Elmhurst Hospital suffering from cardiopulmonary arrest, and approximately one-half hour later he died. An autopsy performed on February 26, 1983 determined that the cause of his death was acute myocarditis.

Mrs. Grace Sailer is the mother of decedent. Following her son's death, she applied to the Pension Fund for accidental death benefits, pursuant to General Municipal Law § 207-k (the so-called Heart Bill). After receipt of this application by the Pension Fund, its Medical Board recommended disapproval and then its Board of Trustees denied the application.

Subsequently, Mrs. Grace Sailer instituted the instant article 78 proceeding against respondents, including the Pension Fund and the Medical Board, and her petition seeks a judgment annulling the determination of the Board of Trustees denying benefits, and directing the award of benefits to the petitioner. Special Term granted the petition in its entirety.

With commendable candor, the respondents concede that Special Term was correct in annulling the Board of Trustees' determination, since the Medical Board failed to clearly set forth in its report the reasons for its recommendation that the petitioner's application be disapproved. This court held in *Matter of Curran v McGuire* (87 AD2d 223, 227), that: "[i]n the absence of a clear finding by the medical board * * * the trustees' determination lacked a rational basis."

However, we find that Special Term erred insofar as it directed that the respondents award benefits to the petitioner.

It is well established that the Board of Trustees has the sole authority to decide whether the petitioner is entitled to Pension Fund benefits and a "court may not assume the power vested in the board of trustees" *(Matter of Perkins v Board of Trustees,* 86 AD2d 808). An exception to this general rule is found in that rare case where as a matter of law the petitioner is entitled to pension benefits *(Matter of McCambridge v McGuire,* 62 NY2d 563, 568). Based upon our review of the instant record we find no exception to this general rule concerning the award of benefits.

Accordingly, we remand the application to the Board of Trustees for forwarding to the Medical Board for further consideration *(Matter of Curran v McGuire, supra,* p 227). Concur—Sandler, J. P., Ross, Fein and Rosenberger, JJ.