■ In the Matter of JUAN RODRIGUEZ, Appellant, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [770 NYS2d 132]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondents dated June 28, 2001, denying the petitioner accident disability retirement benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.), dated April 19, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted to the extent that the findings of the Medical Board of the New York City Fire Department, Article 1-B Pension Fund are annulled, and the matter is remitted to the respondent Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund for further proceedings in accordance herewith.

The issue of whether a firefighter is disabled is determined by the Medical Board of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Medical Board). The determination of the Medical Board is conclusive if it is supported by some credible evidence and is not irrational (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 90 NY2d 139, 145 [1997]; *Matter of Drew v New York City Employees' Retirement Sys.,* 305 AD2d 408, 409 [2003]). Here, the medical findings do not sustain the determi-

nation of the Medical Board. Accordingly, the determination is not rational. The physicians who examined the petitioner did not conclude that the tremors which he had been experiencing were disabling and failed to sufficiently address the petitioner's contention that the spinal injury which he received in the line of duty was the proximate and natural cause of his disability entitling him to accident disability retirement benefits as a matter of law (*see generally Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II,* 60 NY2d 347, 352 [1983]). Accordingly, we reverse the judgment and grant the petition to the extent of annulling the findings of the Medical Board and remitting the matter to the respondent Board of Trustees of the New York City Fire Department (hereinafter the Board of Trustees), Article 1-B Pension Fund for new medical reports and new findings by the Medical Board, and a new determination by the Board of Trustees. Smith, J.P., Crane, Mastro and Rivera, JJ., concur.