■ In the Matter of MICHAEL KUCZINSKI, Appellant, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [777 NYS2d 693]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated April 17, 2002, in effect, denying the petitioner disability retirement benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Ambrosio, J.), dated March 14, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The issue of whether a firefighter is disabled as a result of a service-related incident is determined by the Medical Board of the New York City Fire Department Pension Fund, subchapter 2 (formerly art 1-B [hereinafter the Board]). Its determination that a firefighter is not disabled for duty is conclusive if it is supported by some credible evidence and is not irrational (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 145 [1997]; *Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760 [1996]; *Matter of Rodriguez v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 3 AD3d 501 [2004]; *Matter of Drew v New York City Employees' Retirement Sys. [NYCERS]*, 305 AD2d 408, 409 [2003]). Where conflicting medical evidence and medical reports are presented to the Board, it is solely within its province to resolve such conflicts (*see Matter of Borenstein v New York City Employees' Retirement Sys., supra* at 761).

Based upon the medical evidence before it, the Board determined that the petitioner suffered a full thickness rotator cuff tear in his left shoulder which disabled him from performing his duties as a firefighter. However, it also determined that based upon a reasonable degree of medical certainty, surgery would have enabled the petitioner to fully resume his firefighter duties. These determinations were supported by the credible medical evidence before the Board.

The petitioner chose to forego surgery and his application for disability retirement benefits was subsequently denied. Contrary to the petitioner's contention, he was not penalized for his decision to forego surgery. In determining whether the petitioner was permanently disabled, the Board had the right to consider whether proper medical treatment, including surgery, was rea-

sonably and safely available to correct the disability. If such treatment was so available, the Board had the right to consider the disability temporary and deny disability retirement benefits on this basis (*see Matter of Mondello v Beekman*, 78 AD2d 824 [1980], *affd* 56 NY2d 513, 514 [1982]). The petitioner failed to demonstrate that his decision to forego surgery, which the Board found constituted proper treatment for his shoulder injury, should have been excused (*see Matter of Mondello v Beekman*, 56 NY2d 513, 515 [1982]; *see also Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.*, 85 NY2d 480, 487 [1995]; *Matter of Fergus v Hevesi*, 6 AD3d 922 [2004]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

The petitioner's remaining contentions are without merit. Smith, J.P., S. Miller, Crane and Rivera, JJ., concur.