■ In the Matter of DONALD VASTOLA, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [829 NYS2d 218]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated May 27, 2004, denying the petitioner's application for accident disability retirement benefits pursuant to the Administrative Code of the City of New York § 13-353, the petitioner appeals from a judgment of the Supreme Court, Kings County (Harkavy, J.), dated March 31, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

"The issue of whether a firefighter is disabled is determined by the Medical Board of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Medical Board)" (*Matter of Vidal v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 32 AD3d 399, 399 [2006]). "Its determination that a firefighter is not disabled for duty is conclusive if it is supported by some credible evidence and is not irrational" (*Matter of Kuczinski v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 8 AD3d 283, 284 [2004]; *see Matter of Borenstein v New York City Employees' Retirement Sys.,* 88 NY2d 756, 760 [1996]; *Matter of Vidal v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, supra; Matter of Rodriguez v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 3 AD3d 501 [2004]). "[C]redible evidence is evidence that proceeds from a credible source and reasonably tends to support the proposition for which it is offered" (*Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 90 NY2d 139, 147 [1997]). Where conflicting medical evidence and medical reports are presented to the Medical Board, it is solely within the province of the Medical Board to resolve such conflicts (*see Matter of Borenstein v New York City Employees' Retirement Sys., supra* at 761). The court cannot weigh the medical evidence and substitute its own judgment for that of the Medical Board (*see Matter of Borenstein v New York City Employees' Retirement Sys., supra; Matter of Santoro v Board of Trustees of N.Y. City Fire Dept., Art.1-B Pension Fund,* 217 AD2d 660 [1995]).

Here, while the medical conclusions contained in the reports from the Medical Board's impartial examining physician may have differed from those of some of the petitioner's examining physicians, they represent "some credible evidence" upon which to base its determination that the petitioner's injuries did not constitute a disability that would preclude him from performing full duty as a firefighter. Consequently, the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, properly upheld the Medical Board's recommendation (see *Matter of Borenstein v New York City Employees' Retirement Sys.*, *supra* at 760-761), and the Supreme Court properly denied the petition and dismissed the proceeding.

The petitioner's remaining contentions are without merit. Crane, J.P., Rivera, Goldstein and Balkin, JJ., concur.