In the Matter of JOHN STACK, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE I-B PENSION FUND et al., Respondents. [832 NYS2d 55]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated March 18, 2004, denying the petitioner's applications for disability retirement benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), dated March 17, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to annul the medical findings of the Medical Board of the New York City Fire Department, Article 1-B Pension Fund, with regard to the petitioner's application for ordinary disability retirement benefits and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the respondent Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, for further proceedings in accordance herewith.

The issue of whether a firefighter is disabled is determined by

the Medical Board of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Medical Board), and its "determination . . . is conclusive if it is supported by some credible evidence and is not irrational" (*Matter of Rodriguez v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 3 AD3d 501, 501 [2004]; *see Matter of Borenstein v New York City Employees' Retirement Sys.,* 88 NY2d 756, 760 [1996]; *Matter of Hession v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 23 AD3d 468 [2005]; *Matter of Kuczinski v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 8 AD3d 283, 284 [2004]). Credible evidence is "evidence that proceeds from a credible source and reasonably tends to support the proposition for which it is offered" (*Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 90 NY2d 139, 147 [1997]).

Here, the medical findings support the determination of the Medical Board that the petitioner was not entitled to accidental disability retirement benefits. However, the medical findings do not sustain the determination of the Medical Board with regard to the application for ordinary disability retirement benefits and, thus, that determination is irrational (*see Matter of Rodriguez, supra* at 501-502). The impartial neurosurgeon, who, upon the request of the Medical Board, reviewed a magnetic resonance image, reported to the Medical Board that evidence existed of chronic degenerative cervical disc and arthritic changes. The neurosurgeon, however, failed to discuss whether this evidence affected his earlier findings of no disability. The Medical Board did not inquire further. Accordingly, we modify the judgment and grant that branch of the petition which was to annul the findings of the Medical Board with regard to the petitioner's application for ordinary disability retirement benefits and remit the matter to the respondent Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Board of Trustees), for new medical reports and new findings by the Medical Board and a new determination by the Board of Trustees with regard to the application for ordinary disability retirement benefits. Santucci, J.P., Goldstein, Carni and McCarthy, JJ., concur.