■ In the Matter of VINCENT CLARKE, Appellant, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND et al., Respondents. [846 NYS2d 637]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated June 24, 2004, denying the petitioner's application for accident disability retirement benefits pursuant to Administrative Code of the City of New York § 13-353, the petitioner appeals from a judgment of the Supreme Court, Kings County (Kramer, J.), dated August 16, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The issue of whether a firefighter is disabled is determined by the Medical Board of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Medical Board) (see Administrative Code of City of NY § 13-352; Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 144 [1997]; Matter of Vastola v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 37 AD3d 478 [2007]; Matter of Vidal v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 32 AD3d 399 [2006]). The Medical Board's determination that a firefighter is not disabled for duty is conclusive if it is supported by some credible evidence and is not irrational (see Matter of Vastola v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 37 AD3d at 478; Matter of Vidal v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 32 AD3d at 399; Matter of Hession v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 23 AD3d 468 [2005]; Matter of Kuczinski v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 8 AD3d 283, 284 [2004]).

Here, the Medical Board's conclusion that the petitioner was not disabled from performing his duties by an injury to his left

knee is supported by credible evidence consisting of the report of its independent orthopedic consultant, who examined the petitioner and reviewed the medical records and reports of other physicians. Although the independent consultant's findings differed from those of other physicians who examined the petitioner, where conflicting medical evidence and medical reports are presented to the Medical Board, it is solely within its province to resolve such conflicts (*see Matter of Borenstein v New York City Employees' Retirement Sys.,* 88 NY2d 756, 761 [1996]; *Matter of Vastola v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 37 AD3d at 478; *Matter of Kuczinski v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 8 AD3d at 284). The court cannot weigh the medical evidence and substitute its own judgment for that of the Medical Board (*see Matter of Borenstein v New York City Employees' Retirement Sys.,* 88 NY2d at 761; *Matter of Vastola v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 37 AD3d at 478; *Matter of Kuczinski v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 8 AD3d at 284). Accordingly, the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, properly upheld the Medical Board's recommendation (*see Matter of Borenstein v New York City Employees' Retirement Sys.,* 88 NY2d at 756; *Matter of Vastola v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 37 AD3d at 478; *Matter of Vidal v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 32 AD3d at 399), and the Supreme Court properly denied the petition.

The petitioner's remaining contentions are without merit. Crane, J.P., Rivera, Angiolillo and Dickerson, JJ., concur.