In the Matter of GERARD CAMPBELL, Respondent, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Appellants. [850 NYS2d 593]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated March 31, 2005, which denied the petitioner's application for service-related accidental or ordinary disability retirement benefits pursuant to Administrative Code of the City of New York § 13-353, the appeal, by permission, is from an order of the Supreme Court, Kings County (Bayne, J.), dated April 26, 2006, which, inter alia, sua sponte, remitted the petitioner's application for a hearing and more detailed findings on the issue of whether the petitioner sustained a disability.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the matter is remitted to the Supreme Court, Kings County, for entry of a judgment dismissing the proceeding (*see* CPLR 411).

Whether a firefighter is disabled is determined by the Medical Board of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Medical Board) (*see* Administrative Code of the City of New York § 13-352; *Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 144 [1997]; *Matter of Vastola v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 37 AD3d 478 [2007]; *Matter of Vidal v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 32 AD3d 399 [2006]). The Medical Board's determination that a firefighter is not disabled for duty is conclusive if it is supported by some credible evidence and is not irrational (*see Matter of Vastola v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 37 AD3d 478 [2007]; *Matter of Vidal v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 32 AD3d 399 [2006]; *Matter of Hession v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 23 AD3d 468 [2005]; *Matter of Kuczinski v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 8 AD3d 283 [2004]).

Here, the Medical Board's conclusion that the petitioner was not disabled from performing his duties by an injury to his left ankle is supported by credible evidence consisting of the report of its independent orthopedic consultant who examined the petitioner, reviewed the medical records and reports of other physicians, and concluded that the petitioner was not permanently disabled for the performance of full fire duty. A magnetic resonance imaging impression which revealed no abnormalities and described a "mild strain" was also presented to the Medical Board. Although the independent consultant's findings differed from that of other physicians who examined the petitioner,

where conflicting medical evidence and medical reports are presented to the Medical Board, it is solely within its province to resolve such conflicts (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 761 [1996]; *Matter of Vastola v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 37 AD3d 478 [2007]; *Matter of Kuczinski v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 8 AD3d at 284). The court cannot weigh the medical evidence and substitute its own judgment for that of the Medical Board (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d at 761; *Matter of Vastola v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 37 AD3d 478 [2007]; *Matter of Kuczinski v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 8 AD3d at 284). Accordingly, the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, properly upheld the Medical Board's recommendation (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756 [1996]; *Matter of Vastola v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 37 AD3d 478 [2007]; *Matter of Vidal v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 32 AD3d 399 [2006]), and the Supreme Court should have denied the petition.

The petitioner's remaining contentions are without merit. Crane, J.P., Rivera, Angiolillo and Dickerson, JJ., concur.