In the Matter of KENNETH DEERING, Respondent, v NICHOLAS SCOPETTA et al., Appellants. [898 NYS2d 196]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of New York City Fire Department Article 1-B Pension Fund dated April 28, 2006, which denied the petitioner's application for service-related accidental disability retirement benefits, the appeal, by permission, is from an order of the Supreme Court, Kings County (Balter, J.), dated September 28, 2007, which granted the petition to the extent of directing the Board of Trustees of New York City Fire Department Article 1-B Pension Fund to consider medical evidence dated after the last review made by the Medical Board of the New York City Fire Department Article 1-B Pension Fund.

Ordered that the order is reversed, on the law, with costs, the petition is denied in its entirety, the determination is confirmed, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment dismissing the proceeding (see CPLR 411).

"The issue of whether a firefighter is disabled as a result of a service-related incident is determined by the Medical Board of the New York City Fire Department Pension Fund" (*Matter of Kuczinski v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 8 AD3d 283, 284 [2004]). In a proceeding pursuant to CPLR article 78 challenging a disability determination, the court must determine whether the determination of the Medical Board of the New York City Fire Department Article 1-B Pension Fund (hereinafter the Medical Board) is supported by "credible" evidence (*Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 144 [1997]). "Credible evidence" means "evidence that proceeds from a credible source and reasonably tends to support the proposition for which it is offered . . . and . . . it must be evidentiary in nature and not merely a conclusion of law, nor mere conjecture or unsupported suspicion" (*Matter of Meyer v Board of Trustees of the N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d at 147). As long as there is "some credible evidence" supporting the Medical Board's determination, its determination must be upheld (*Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 761 [1996] [internal quotation marks omitted]).

Here, the Medical Board's conclusion that the petitioner's injury was not a service-related injury is supported by credible evidence consisting of the report of its independent neurosurgical consultant who examined the petitioner twice and reviewed a magnetic resonance imaging impression which revealed "mild

degenerative changes" and no disc herniation. Further, an EMG test performed on the petitioner was consistent with this finding. Although the independent consultant's findings differed from that of other physicians who examined the petitioner, where conflicting medical evidence and medical reports are presented to the Medical Board, it is solely within its province to resolve such conflicts (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 761 [1996]; *Matter of Kuczinski v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 8 AD3d at 284). Thus, the Board of Trustees of the New York City Fire Department Article 1-B Pension Fund properly upheld the Medical Board's recommendation, and the Supreme Court should have denied the petition in its entirety and dismissed the proceeding. Prudenti, P.J., Balkin, Leventhal and Austin, JJ., concur.