■ In the Matter of Joshua Kiess, Appellant, v Raymond Kelly, as Police Commissioner of the City of New York, and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [905 NYS2d 67]—

Order and judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.), entered March 26, 2009, which denied petitioner's application to annul respondent's determination that, as framed by the pleadings and argument, had denied petitioner's applications for disability retirement benefits, and dismissed the petition, unanimously reversed, on the law, without costs, the petition granted to the extent of annulling the findings of the Medical Board, and the matter remanded to respondent Board of Trustees for further proceedings consistent herewith.

It does not appear that the Medical Board, following the remand from the Board of Trustees to consider new evidence, considered all of the medical evidence that had been submitted to it. Such evidence included the reports of a spinal surgeon stating that petitioner was unable to return to work due to se-

vere pain and had limited options for improvement through surgery, and of a board certified neurologist who performed an EMG demonstrating radiculopathy and who opined that petitioner was totally disabled from his injuries. Nor did the Medical Board explain its own findings upon examination that petitioner had "no range of motion to the lower back" and was unable to walk on the left toes and heels because of pain. The Medical Board simply referred to its prior minutes, set forth the results of tests performed on physical examination, and, without further explanation, concluded that, upon review of all materials presented, it was of the opinion that there "are no significant objective findings" preventing petitioner from performing the full duties of a police officer. Nowhere in its second report is the new evidence that the Medical Board was directed to consider expressly mentioned.

While the Medical Board is entitled to resolve conflicts in the medical evidence and rely on its own physical examinations of the applicant (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 761 [1996]; *Matter of Goffred v Kelly*, 13 AD3d 72 [2004]), "fairness demands that all available relevant medical evidence be considered by the medical board and the board of trustees before petitioner's claim to accident disability retirement may properly be rejected" (*Matter of Kelly v Board of Trustees of Police Pension Fund, Art. II*, 47 AD2d 892, 893 [1975]), and that the Medical Board clearly state the reasons for its recommendations (*Matter of Sailer v McGuire*, 114 AD2d 334, 335 [1985]). As it does not appear that the Medical Board considered all of the submitted medical evidence, and as the reasons for concluding that petitioner is medically fit for police work are not clearly stated in the Medical Board's second report, the matter should be remanded for new medical findings and reports by the Medical Board and a new determination by the Board of Trustees (*see Matter of Stack v Board of Trustees of N.Y. City Fire Dept., Art. I-B Pension Fund*, 38 AD3d 562, 563 [2007]; *Matter of Rodriguez v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 3 AD3d 501 [2004]). Concur—Mazzarelli, J.P., Renwick, Freedman, Richter and Abdus-Salaam, JJ.