■ In the Matter of ANTHONY AGNELLI, Respondent, v RAYMOND KELLY, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Appellants. [945 NYS2d 690]—

Order and judgment (one paper), Supreme Court, New York County (Louis B. York, J.), entered October 27, 2010, which granted the CPLR article 78 petition to annul respondent Board of Trustees' determination denying petitioner's application for accident disability retirement (ADR) benefits, remanded the matter to respondent and directed it to grant petitioner ADR benefits retroactive to the time that he retired from his service in the Police Department, unanimously modified, on the law, to vacate that portion of the order and judgment that directs respondent to grant petitioner ADR benefits, and otherwise affirmed, without costs.

Although the Medical Board is entitled to resolve conflicts in the medical evidence and rely on its own physical examinations of the applicant (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 761 [1996]; *Matter of Goffred v Kelly*, 13 AD3d 72, 73 [2004]), fairness demands that the Medical Board and the Board of Trustees consider all of the relevant medical evidence submitted by petitioner and that the Medical Board clearly state the reasons for its recommendations (*see Matter of Kiess v Kelly*, 75 AD3d 416, 417 [2010]). Here, after the court directed the Medical Board to consider whether petitioner's line of duty neck and back injuries were the

proximate and natural causes of his vertigo, the Board failed to adequately explain its conclusion that petitioner's disabling vertigo was not caused by his line of duty injuries. The Board stated that it had reviewed all of the line of duty injury reports and had not found one in which the injuries would contribute to vertigo. However, the Board's conclusory statement completely fails to address that petitioner initially experienced vertigo after a line of duty injury in December 2000 when he injured his head and neck. He subsequently suffered from intermittent episodes of vertigo, including an episode in August 2003 when he experienced such dizziness that he drove off the road, and suffered severe head and neck injuries. Significantly, after the 2003 incident, the Board determined that petitioner was disabled and authorized vestibular rehabilitation, indicating that it found that the vertigo was associated with the line of duty injury.

Upon remand, while the Board cited one doctor's statement that there is no obvious explanation for petitioner's complaints of vertigo, the Board utterly failed to address and apparently completely disregarded the opinion of petitioner's otolaryngologist that the vertigo may be of cervical origin, concluding instead to the contrary—that "the vertigo sounds to be more from an otolaryngologic, rather than a neurologic basis." The Board did not provide an explanation for its finding, notwithstanding the otolaryngologist's opinion that the vertigo may be related to cervical injuries, that the vertigo is of otolaryngologic origin. Nor has the Board addressed the July 2003 report of petitioner's treating neurologist reflecting that petitioner had an episode of dizziness upon hyperextension of the neck during physical therapy. In that report, the neurologist states that "given the amount of cervical spine disease he has, it is not surprising that hyperextension of the head will cause some symptoms, which may be due to some compression of the vertebral artery." The Board has not considered all of the medical evidence or adequately explained its reasoning, but rather has simply gone through a pro forma exercise in response to the remand. Accordingly, the Board of Trustees' determination was properly annulled (*Matter of Kiess*, 75 AD3d at 417).

However, because the record remains unclear as to the cause of petitioner's vertigo, the court should not have directed respondent to grant petitioner retroactive benefits (*see generally Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 145 [1997]). Rather, the matter should have been remanded for new medical findings and reports by the Medical Board and a new determination by the

Board of Trustees (*see Matter of Kiess*, 75 AD3d at 417). Concur—Friedman, J.P., Sweeny, Acosta, Renwick and Abdus-Salaam, JJ.