In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated November 25, 2009, which denied the petitioner’s application for accident disability retirement benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Bunyan, J.), dated January 9, 2011, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, with costs.
The issue of whether a firefighter is disabled is determined by the Medical Board of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Medical Board), and its “determination ... is conclusive if it is supported by some credible evidence and is not irrational” (Matter of Rodriguez v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 3 AD3d 501, 501 [2004]). Credible evidence is “evidence that proceeds from a credible source and reasonably tends to support the proposition for which it is offered” (Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 147 [1997]). In this case, the determination of the Medical Board that the petitioner’s condition would not preclude full fire fighting duty was supported by credible evidence, including the report of an impartial neurosurgeon, who adhered to his recommendation following a second review and consideration of additional records. While the record also contains the *852 medical findings of several other doctors who disagreed with this neurosurgeon’s conclusions, “[w]here conflicting evidence and medical reports are presented before the Medical Board ... it is solely within the province of the Medical Board and the Board of Trustees to resolve the conflict” (Matter of Santoro v Board of Trustees of N.Y. City Fire Dept. Art.l-B Pension Fund, 217 AD2d 660, 660 [1995]). Thus, the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, properly upheld the Medical Board’s recommendation, and the Supreme Court properly denied the petition and dismissed the proceeding. Rivera, J.P., Hall, Lott and Cohen, JJ., concur.