The issue of whether a correction officer is disabled as a result of a service-related incident is determined by the Medical Board of the New York City Employees’ Retirement System (hereinafter the Medical Board) (see Matter of Borenstein v New York City Employees’ Retirement Sys., 88 NY2d 756, 760 [1996]). In a proceeding pursuant to CPLR article 78 challenging a disability determination, the court must determine whether the determination of the Medical Board is supported by “credible” evidence (id,.; cf. Matter of Beering v Scopetta, 71 AD3d 1141, 1142 *737 [2010]). “[C]redible evidence” means “evidence that proceeds from a credible source and reasonably tends to support the proposition for which it is offered . . . and ... it must be evidentiary in nature and not merely a conclusion of law, nor mere conjecture or unsupported suspicion” (Matter of Meyer v Board of Trustees of NY. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 147 [1997]; see Matter of Deering v Scopetta, 71 AD3d at 1142). As long as there is “some credible evidence” supporting the Medical Board’s determination, its determination must be upheld (Matter of Borenstein v New York City Employees’ Retirement Sys., 88 NY2d at 761; Matter of Deering v Scopetta, 71 AD3d at 1141).
The Medical Board’s conclusion that the petitioner’s injury was not a service-related injury is supported by credible evidence consisting of, inter alia, a magnetic resonance imaging report and an operative report showing degenerative changes. It was solely within the province of the Medical Board to resolve any conflicts in the medical evidence and medical reports presented to it (see Matter of Borenstein v New York City Employees’ Retirement Sys., 88 NY2d at 761; Matter of Deering v Scopetta, 71 AD3d at 1141; Matter of Kuczinski v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 8 AD3d 283, 284 [2004]). Thus, the Board of Trustees of the New York City Employees’ Retirement System (hereinafter the Board of Trustees) properly upheld the Medical Board’s recommendation, and the Supreme Court, upon reargument, properly vacated its prior judgment granting the petition and annulling the Board of Trustees’ determination, and thereupon properly denied the petition and dismissed the proceeding. Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.