Matter of Reynolds v New York City Fire Pension Fund (2022 NY Slip Op 06330)

Matter of Reynolds v New York City Fire Pension Fund

2022 NY Slip Op 06330

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 153325/21 Appeal No. 16541 Case No. 2021-04180 

[*1]In the Matter of Robert Reynolds, Petitioner-Appellant,
v
The New York City Fire Pension Fund, et al., Respondents-Respondents.

Seeling Law Offices, LLC, New York (Philip H. Seelig of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Kate Fletcher of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arthur Engoron, J.), entered October 20, 2021, denying the petition to annul the determination of respondent, dated December 18, 2020, which denied petitioner's application for accidental disability retirement (ADR) benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the petition granted to the extent of annulling the findings of the Medical Board, and the matter remanded to respondent Board of Trustees for further proceedings consistent herewith.
On February 7, 2020, the Medical Board found petitioner to be disabled on account of the left shoulder injuries he sustained on March 22, 2018. However, citing "inconsistencies" and a "lack of witnessed accounts . . . that would suggest . . . an accident," the Board denied petitioner an ADR benefit. When the insufficient explanation was raised before the Board of Trustees, they acknowledged that a witness statement was not necessary, and stated that they did not understand what the Medical Board was referring to with regard to inconsistencies in the manner of petitioner's injuries. Nevertheless, when the Board of Trustees reconsidered the matter, it simply took a vote on petitioner's application without any deliberation or indication as to why he had been denied an ADR benefit, issuing a conclusory denial without any explanation as to why they had adopted the Medical Board's unsupported statements about alleged inconsistencies concerning the nature of petitioner's injuries.
The Medical Board failed to provide any factual basis concerning the alleged inconsistencies and why it did not believe petitioner's injuries to be accidental. Further, the determination of the Medical Board was devoid of any articulated basis for its conclusion that the limitations of petitioner's cervical and lumbar spine were not a debilitating or incapacitating condition for performing the duties of a firefighter. The failure to set forth an adequate statement of the factual basis for the determination forecloses the possibility of fair judicial review and requires that the matter be remanded for new medical findings and reports by the Medical Board and a new determination by the Board of Trustees (see Matter of Kiess v Kelly, 75 AD3d 416 [1st
Dept 2010]; Matter of Rodriguez v Board of Trustees of N.Y.C. Fire Dept, Article I-B Pension Fund, 3 AD3d 501 [2d Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022