Matter of Hodge v New York City Employees' Retirement Sys. (2024 NY Slip Op 00630)

Matter of Hodge v New York City Employees' Retirement Sys.

2024 NY Slip Op 00630

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2020-06058
 (Index No. 1799/19)

[*1]In the Matter of Abigail Hodge, respondent,
v
New York City Employees' Retirement System, appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton, Anna W. Gottlieb, and Geoffrey Curfman of counsel), for appellant.
Chet Lukaszewski, P.C., Mineola, NY (Chester Lukaszewski of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated January 10, 2019, which denied the petitioner's application for disability retirement benefits pursuant to Retirement and Social Security Law § 507-c, the New York City Employees' Retirement System appeals from a judgment of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated June 24, 2020. The judgment, insofar as appealed from, granted the petition to the extent of annulling the determinations relating to the petitioner's applications for disability retirement benefits dated June 7, 2011, July 19, 2013, June 9, 2014, and November 9, 2017, and remitted the matter to the New York City Employees' Retirement System for further proceedings.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof annulling those determinations relating to the petitioner's applications for disability retirement benefits dated June 7, 2011, July 19, 2013, and June 9, 2014; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.
The petitioner, who was injured while working as a correction officer with the New York City Department of Correction, applied for disability retirement benefits pursuant to Retirement and Social Security Law § 507-c on four separate occasions, in applications dated June 7, 2011, July 19, 2013, June 9, 2014, and November 9, 2017. The June 7, 2011 application was closed when the petitioner failed to submit additional evidence that had been requested, while the July 19, 2013 and June 9, 2014 applications were denied. The petitioner did not challenge these determinations. On January 10, 2019, the Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees), following the recommendation of the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board), denied the petitioner's application dated November 9, 2017. The petitioner then commenced this proceeding pursuant to CPLR article 78, in effect, to annul the determination dated January 10, 2019. In the judgment appealed from, the Supreme Court, inter alia, annulled the January 10, 2019 determination, concluding that the determination of the Board of Trustees was arbitrary and capricious, and remitted the matter to the New York City Employees' Retirement System (hereinafter NYCERS) for further proceedings. The court further annulled the prior determinations relating to the petitioner's June 7, 2011, July 19, 2013, and June 9, 2014 applications. NYCERS appeals.
NYCERS is correct that the Supreme Court erred in annulling the prior determinations relating to the petitioner's June 7, 2011, July 19, 2013, and June 9, 2014 applications, as the petitioner did not challenge those determinations, and in any event, the petition was untimely as to those determinations (see CPLR 217[a]; Matter of Imandt v New York State Unified Ct. Sys., 168 AD3d 1051, 1053).
However, the Supreme Court properly annulled the January 10, 2019 determination as to the application dated November 9, 2017, and properly remitted the matter to NYCERS for a new determination by the Board of Trustees. While the Medical Board was entitled to resolve conflicts in the medical evidence and rely on its own physical examinations of the petitioner (see Matter of Solomonoff v New York City Employees' Retirement Sys., 188 AD3d 700), "fairness demands that all available relevant medical evidence be considered by the medical board and the board of trustees before the petitioner's claim to accident disability retirement may properly be rejected, and that the Medical Board clearly state the reasons for its recommendations" (Matter of Kiess v Kelly, 75 AD3d 416, 417 [citation and internal quotation marks omitted]). Here, the Medical Board failed to consider all of the medical evidence or adequately explain the reasoning for its determination (see Matter of Reynolds v New York City Fire Pension Fund, 210 AD3d 484; Matter of Agnelli v Kelly, 96 AD3d 471; Matter of Kiess v Kelly, 75 AD3d at 417). Accordingly, we affirm the determination remitting the matter to NYCERS for a new determination of the petitioner's application dated November 9, 2017. We express no opinion as to what the determination should be on the merits.
The petitioner's request for certain affirmative relief is not properly before this Court, since the petitioner did not cross-appeal from the judgment appealed from (see Matter of Livson v Town of Greenburgh, 141 AD3d 658; Matter of Baker Hall v City of Lackawanna Zoning Bd. of Appeals, 109 AD3d 1096).
In light of the foregoing, NYCERS's remaining contentions need not be addressed.
CHAMBERS, J.P., FORD, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court