■ In the Matter of ALPHONSE CORRENTE, Appellant, v CITY OF NEW YORK et al., Respondents. [7 NYS3d 522]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated October 12, 2012, which denied the petitioner's application for performance of duty disability retirement benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Silber, J.), dated April 4, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, a correction officer since 1984, applied for performance of duty disability retirement benefits after he experienced a myocardial infarction, was diagnosed with arrhythmogenic right ventricular dysplasia, and had a pacemaker implanted. The Medical Board of the respondent New York

City Employees' Retirement System (hereinafter NYCERS) recommended that his application be denied, concluding that although the petitioner was permanently incapacitated, the disability did not result from the performance of his duties as a correction officer. The petitioner appealed the recommendation, and the Board of Trustees of NYCERS (hereinafter the Board) adopted a resolution denying benefits. The petitioner then commenced this CPLR article 78 proceeding challenging the Board's determination.

The respondents correctly concede that the petitioner is entitled to the statutory presumption that his disability associated with his heart condition was incurred in the performance of his duties as a correction officer, and that NYCERS was obligated to rebut the presumption with competent medical evidence (see Retirement and Social Security Law § 507-b [c]; Matter of Ferguson v DiNapoli, 114 AD3d 1015, 1015 [2014]; Matter of Saddlemire v DiNapoli, 84 AD3d 1692, 1693 [2011]; Matter of Walters v DiNapoli, 82 AD3d 1487, 1487 [2011]). The petitioner's hospital records indicate that, although he was initially diagnosed with "Myocardial infarction (MI)—inferior," he was ultimately diagnosed with "arrhythmogenic right ventricular dysplasia with easily inducible ventricular tachycardia." The Medical Board, upon examining the petitioner and reviewing his hospital records and family medical history, concluded that his heart condition was congenital, and not caused by job-related stress. Since the resolution of conflicting medical evidence is left to the Medical Board, and its findings provided credible evidence supporting the challenged determination and rebutting the statutory presumption, the Supreme Court properly denied the petition and dismissed the proceeding (see Matter of Modlin v Kelly, 121 AD3d 464 [2014]; Matter of Schlesinger v New York City Employees' Retirement Sys., 101 AD3d 736, 736-737 [2012]; Matter of Goodacre v Kelly, 96 AD3d 625 [2012]; Matter of Higgins v Kelly, 84 AD3d 520 [2011]). Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.