Matter of Solomonoff v New York City Employees' Retirement Sys. (2020 NY Slip Op 06272)





Matter of Solomonoff v New York City Employees' Retirement Sys.


2020 NY Slip Op 06272


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-09585
 (Index No. 6032/16)

[*1]In the Matter of Jean Paul Solomonoff, appellant,
v
New York City Employees' Retirement System, et al., respondents.


Gail M. Blasie, P.C., Garden City, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Jonathan Popolow of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System, dated June 10, 2016, which denied the petitioner's application for disability retirement benefits pursuant to, inter alia, Retirement and Social Security Law § 507-c, the petitioner appeals from a judgment of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), entered July 17, 2017. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In October 2016, the petitioner commenced this CPLR article 78 proceeding to review a determination of the Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees) denying his application for disability retirement benefits pursuant to, inter alia, Retirement and Social Security Law § 507-c in connection with his claim that he was injured while working as a correction officer with the New York City Department of Correction. In a judgment entered July 17, 2017, the Supreme Court denied the petition and dismissed the proceeding, finding that the determination of the Board of Trustees, which had adopted the recommendation of the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board) was supported by credible medical evidence and thus was not arbitrary and capricious. The petitioner appeals.
"The Medical Board's determination is conclusive if it is supported by some credible evidence and is not arbitrary or capricious" (Matter of Drummond v New York City Employees' Retirement Sys., 98 AD3d 1116, 1117 [internal quotation marks omitted]; see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760-761). Here, the record demonstrates that the Medical Board performed physical and psychological examinations of the petitioner and considered his medical evidence. Although the medical conclusions of some of the petitioner's treating physicians differed from those of the Medical Board, the resolution of such conflicts is the sole province of the Medical Board (see Matter of Russell v New York City Employees' Retirement Sys., 155 AD3d 1046, 1047; Matter of Drummond v New York City Employees' Retirement Sys., 98 AD3d at 1117). Since the determination of the Medical Board was [*2]supported by credible evidence, the determination of the Board of Trustees adopting the recommendation to deny retirement benefits to the petitioner was not irrational, arbitrary, or capricious (see Matter of Drummond v New York City Employees' Retirement Sys., 98 AD3d at 1117-1118; see also Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d at 760-761).
Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding.
CHAMBERS, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court