Matter of Bradley v New York City Employees' Retirement Sys. (2021 NY Slip Op 02289)





Matter of Bradley v New York City Employees' Retirement Sys.


2021 NY Slip Op 02289


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN , JJ.


2018-01666
 (Index No. 510650/16)

[*1]In the Matter of Kevin Bradley, respondent,
v
New York City Employees' Retirement System, et al., appellants.


James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr, John Moore, and Lorenzo DiSilvio of counsel), for appellants.
Seelig Law Offices, LLC, New York, NY (Philip H. Seelig of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated March 10, 2016, which denied the petitioner's application for performance of duty disability retirement benefits, the New York City Employees' Retirement System, the Board of Trustees of the New York City Employees' Retirement System, the Medical Board of the New York City Employees' Retirement System, and the City of New York appeal from a judgment of the Supreme Court, Kings County (Katherine A. Levine, J.), dated November 30, 2017. The judgment granted the petition, annulled the determination, and directed that the petitioner be granted performance of duty disability retirement benefits retroactive to March 11, 2016.
ORDERED that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.
As is relevant to this appeal, in June 2016, the petitioner, a retired New York City correction officer, commenced this CPLR article 78 proceeding against the City of New York, the New York City Employees' Retirement System (hereinafter NYCERS), the Board of Trustees of NYCERS (hereinafter the Board of Trustees), and the Medical Board of NYCERS (hereinafter the Medical Board), seeking to annul the Board of Trustees' determination denying the petitioner's application for performance of duty disability retirement benefits. According to the petitioner, in February 2015, he was diagnosed with atrial fibrillation and was required to take blood thinners. The next month he applied to NYCERS for performance of duty disability retirement benefits pursuant to General Municipal Law § 207-o based on his diagnosis of atrial fibrillation, hypertension, and left ventricular hypertrophy. The Medical Board recommended that the petitioner's application be denied, concluding that although the petitioner was disabled because he was required to take blood thinners for his atrial fibrillation, he was not entitled to performance of duty disability retirement benefits because atrial fibrillation did not fall under the ambit of General Municipal Law § 207-o, and there was no evidence that the petitioner suffered from any hypertensive heart disease or congestive heart failure, including left ventricular hypertrophy.
In response to the Medical Board's recommendation, the petitioner submitted additional documentation to the Medical Board, including, inter alia, the results from his latest echocardiogram and a letter from his doctor opining that the petitioner had, among other things, borderline left ventricular hypertrophy. Upon consideration of this additional evidence, the Medical Board reaffirmed its prior recommendation to deny the petitioner's application, determining that the petitioner did not suffer from left ventricular hypertrophy or any hypertensive heart disease, and there was no evidence that the petitioner's atrial fibrillation was caused by hypertensive cardiomyopathy, or any other coronary or hypertensive disease. In March 2016, the petitioner appealed the recommendation, and the Board of Trustees adopted the Medical Board's recommendation and denied the petitioner's application for performance of duty disability retirement benefits. The petitioner then commenced this CPLR article 78 proceeding seeking to annul the Board of Trustees' determination denying his application for performance of duty disability retirement benefits. In a judgment dated November 30, 2017, the Supreme Court granted the petition, annulled the determination, and, directed that the petitioner be granted performance of duty disability retirement benefits retroactive to March 11, 2016. We reverse.
The Medical Board's determination is conclusive if it is supported by some credible evidence and is not arbitrary or capricious (see Matter of Solomonoff v New York City Employees' Retirement Sys., 188 AD3d 700, 701; see also Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760-761). "'[T]he resolution of a conflict in the medical evidence is solely within the province of the [M]edical [B]oard'" (Matter of Servedio v Lee, 188 AD3d 891, 893, quoting Topkin v Board of Educ. of City School Dist. of N.Y., 121 AD2d 531, 531). "'The board is privileged to accept the medical reports of its own expert over those of a claimant'" (Matter of Servedio v Lee, 188 AD3d at 893, quoting Topkin v Board of Educ. of City School Dist. of N.Y., 121 AD2d at 531). "A mere conflict in opinion among physicians is not a ground for disturbing a determination" (Topkin v Board of Educ. of City School Dist. of N.Y., 121 AD2d at 531). Courts may not "substitute [their] own judgment for that of the Medical Board" (Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d at 761 [internal quotation marks omitted]).
Here, the Supreme Court should have denied the petition and dismissed the proceeding as the Medical Board's determination was neither irrational nor arbitrary or capricious. The Medical Board determined, based on its examination of the petitioner and its review of his medical records, that the petitioner's blood pressure was well controlled, he did not suffer from left ventricular hypertrophy, hypertensive cardiomyopathy, or any other hypertensive or coronary heart disease, and, in effect, that his atrial fibrillation was not caused by any heart disease. Moreover, the Medical Board also determined that atrial fibrillation, alone, does not fall under the ambit of General Municipal Law § 207-o (see e.g. Matter of Callaghan v Bratton, 253 AD2d 390, 391-392; Matter of Gumbrecht v McGuire, 117 AD2d 531, 533). The Medical Board thus rebutted the presumption of General Municipal Law § 207-o that the petitioner's disability associated with his heart condition was incurred in the performance of his duties as a correction officer with competent medical evidence (see Matter of Corrente v City of New York, 127 AD3d 1183, 1184; Matter of Pellicane v Kelly, 106 AD3d 558, 558).
Contrary to the petitioner's contention, the Supreme Court improperly substituted its judgment for that of the Medical Board when it determined that the Medical Board's diagnosis that the petitioner did not suffer from left ventricular hypertrophy was rebutted by the evidence (see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d at 761). Although the petitioner submitted a letter from his doctor stating that he suffered from mild left ventricular hypertrophy, the Medical Board reviewed the medical evidence supporting the opinion of the petitioner's doctor and concluded that the petitioner did not suffer from left ventricular hypertrophy. The resolution of conflicting medical evidence is within the sole province of the Medical Board, and it was entitled to credit the diagnosis of its own doctors over that of the petitioner's doctor (see Matter of Servedio v Lee, 188 AD3d at 893-894; see e.g. Matter of Corrente v City of New York, 127 AD3d at 1184). Since the Medical Board's diagnosis was supported by credible evidence, the Board of Trustees' determination adopting its recommendation to deny the petitioner's application for performance of duty disability retirement benefits was not irrational or arbitrary and capricious (see Matter of Servedio v Lee, 188 AD3d at 893-894; Matter of Solomonoff v New York City Employees' [*2]Retirement Sys., 188 AD3d at 701).
The petitioner's remaining contentions are without merit.
Accordingly, we reverse the judgment, confirm the determination, deny the petition, and dismiss the proceeding on the merits.
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court