Matter of Vega v O'Neill (2021 NY Slip Op 05470)





Matter of Vega v O'Neill


2021 NY Slip Op 05470


Decided on October 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 12, 2021

Before: Renwick, J.P., Kern, Oing, Mendez, Rodriguez, JJ. 


Index No. 157128/19 Appeal No. 14330 Case No. 2020-03468 

[*1]In the Matter of Jose Vega, Petitioner-Appellant,
v
James P. O'Neill, etc., et al., Respondents-Respondents.


Schwab & Gasparini, PLLC, White Plains (Warren J. Roth of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Nwamaka Ejebe of counsel), for respondents.



Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about July 1, 2020, denying the petition to annul respondents' determination, dated February 13, 2019, which denied petitioner's application for accident disability retirement benefits and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The determination of the Medical Board is supported by the medical evidence and therefore has a rational basis (see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760 [1996]; Matter of Goodacre v Kelly, 96 AD3d 625, 626 [1st Dept 2012], lv denied 20 NY3d 860 [2013]). The Board conducted five reviews of petitioner's application over the course of almost five years, considering the medical records and conducting its own interviews and examinations of petitioner. While the Board acknowledged the opinion of petitioner's private physician that petitioner had cardiomyopathy arising from stress-related hypertension, it found that other aspects of petitioner's heart condition, such as atypical chest pain, episodes of pericarditis, and an enlarged left ventricular chamber, could not be explained by hypertension. Furthermore, the Board noted that although petitioner did have hypertension, his cardiomyopathy may have been caused by his history of pericarditis rather than by his hypertension. The Board also found no reason to assume that petitioner's hypertension caused his cardiomyopathy, since petitioner had many other risk factors, including obstructive sleep apnea and morbid obesity. The Board was entitled to reach this conclusion based on its own examination of petitioner that included a review of petitioner's medical records (see Matter of Bradley v New York City Employees' Retirement Sys., 193 AD3d 847, 849 [2d Dept 2021]). The medical evidence rebutted the statutory presumption set forth in General Municipal Law § 207-k that petitioner's heart condition was related to the stress of his job (see Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO v Beekman, 52 NY2d 463, 472-473 [1981]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2021