Matter of Boyd v New York City Employees' Retirement Sys. (2022 NY Slip Op 01158)





Matter of Boyd v New York City Employees' Retirement Sys.


2022 NY Slip Op 01158


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2018-07671
 (Index No. 513811/16)

[*1]In the Matter of Matthew Boyd, respondent,
v
New York City Employees' Retirement System, et al., appellants.


Georgia M. Pestana, Corporation Counsel, New York, NY (Melanie T. West and Elina Druker of counsel), for appellants.
Chet Lukaszewski, P.C., Garden City, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated May 12, 2016, which denied the petitioner's application for disability retirement benefits pursuant to Retirement and Social Security Law § 507-c, the New York City Employees' Retirement System and the City of New York appeal from a judgment of the Supreme Court, Kings County (Katherine A. Levine, J.), dated February 28, 2018. The judgment granted the petition, annulled the determination, and directed that the petitioner be granted performance of duty disability retirement benefits retroactive to May 12, 2016.
ORDERED that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
The petitioner allegedly was injured while working as a captain with the New York City Department of Correction during two incidents that occurred in 2006 and 2007. He applied for disability retirement benefits pursuant to Retirement and Social Security Law § 507-c. On May 12, 2016, the Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees) denied the petitioner's application. The Board of Trustees adopted the recommendation of the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board), which had determined that, although the petitioner was disabled due to peripheral polyneuropathy, this disabling condition was the result of the petitioner's diabetes and was not caused or aggravated by his work-related injuries. The petitioner commenced this CPLR article 78 proceeding to annul the determination of the Board of Trustees. The Supreme Court granted the petition, annulled the determination, and directed that the petitioner be granted performance of duty disability retirement benefits retroactive to May 12, 2016.
"[T]he decision of the [B]oard of [T]rustees as to the cause of an officer's disability will not be disturbed unless its factual findings are not supported by substantial evidence or its final determination and ruling is arbitrary and capricious" (Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 60 NY2d 347, 351; see Matter of Gibbs v New York City Employees' Retirement Sys., 161 AD3d 980, 981; Matter of Hernandez v New York [*2]City Employees' Retirement Sys., 148 AD3d 706, 707). "Substantial evidence" in this context means "some credible evidence" (Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760 [internal quotation marks omitted]; see Matter of Gibbs v New York City Employees' Retirement Sys., 161 AD3d at 981; Matter of Hernandez v New York City Employees' Retirement Sys., 148 AD3d at 707).
Here, the conclusions of the Medical Board, which were adopted by the Board of Trustees, were supported by credible evidence consisting of the Medical Board's independent interviews and examinations of the petitioner, as well as its review of the medical records and reports from the petitioner's treating physicians (see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 147; Matter of Gibbs v New York City Employees' Retirement Sys., 161 AD3d at 981; Matter of Hernandez v New York City Employees' Retirement Sys., 148 AD3d at 707). Contrary to the petitioner's contention, the Board of Trustees conducted an evaluation as to the cause of the petitioner's inability to perform his work duties and did not act in an arbitrary and capricious manner by relying upon the Medical Board's recommendation of no causal connection (see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d at 146). The Medical Board did not ignore evidence of potential alternative causes of the petitioner's disability, and the resolution of conflicting medical evidence was within the province of the Medical Board (see Matter of Solomonoff v New York City Employees' Retirement Sys., 188 AD3d 700, 701; Matter of Corrente v City of New York, 127 AD3d 1183, 1184). Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.
CHAMBERS, J.P., CHRISTOPHER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court