Matter of Maxwell v New York City Employees' Retirement Sys. (2022 NY Slip Op 06806)

Matter of Maxwell v New York City Employees' Retirement Sys.

2022 NY Slip Op 06806

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-03034
 (Index No. 472/19)

[*1]In the Matter of Dawone Maxwell, appellant, 
v
New York City Employees' Retirement System, respondent.

Goldberg & McEnaney, LLC, Port Washington, NY (Timothy McEnaney of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Ellen Ravitch and Melanie T. West of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated October 11, 2018, which denied the petitioner's application for disability retirement benefits pursuant to Retirement and Social Security Law § 507-c, the petitioner appeals from a judgment of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated January 6, 2020. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
On June 3, 2014, the petitioner was injured while working as a correction officer with the New York City Department of Correction. Eight weeks later, the petitioner returned to full duty, until he had surgery on January 20, 2015. On July 23, 2015, the petitioner applied for disability retirement benefits pursuant to Retirement and Social Security Law § 507-c. On October 11, 2018, the Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees) denied the petitioner's application. In doing so, the Board of Trustees adopted the recommendation of the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board), which had determined that, although the petitioner was disabled due to an osteochondral lesion of the talar dome of the left ankle, and had suffered a work-related injury on June 3, 2014, the petitioner's disabling condition was the result of the natural progression of a preexisting degenerative condition, and was not caused or aggravated by his work-related injury.
The petitioner commenced this CPLR article 78 proceeding to review the determination of the Board of Trustees. In the judgment appealed from, the Supreme Court denied the petition and dismissed the proceeding, finding that the determination was supported by credible medical evidence and thus was not arbitrary or capricious. The petitioner appeals.
"[T]he decision of the [B]oard of [T]rustees as to the cause of an officer's disability will not be disturbed unless its factual findings are not supported by substantial evidence or its final determination and ruling is arbitrary and capricious" (Matter of Canfora v Board of Trustees of [*2]Police Pension Fund of Police Dept. of City of N.Y., Art. II, 60 NY2d 347, 351; see Matter of Boyd v New York City Employees' Retirement Sys., 202 AD3d 1082, 1082; Matter of Gibbs v New York City Employees' Retirement Sys., 161 AD3d 980, 981). "Substantial evidence" in this context means "some credible evidence" (Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760; see Matter of Hernandez v New York City Employees' Retirement Sys., 148 AD3d 706, 707).
Here, the conclusions of the Medical Board, which were adopted by the Board of Trustees, were supported by credible evidence, specifically, the Medical Board's interview of the petitioner, its review of medical records and reports of the petitioner's treating physicians, and its analysis of an MRI taken before the June 2014 incident and a CT scan taken after the incident (see Matter of Boyd v New York City Employees' Retirement Sys., 202 AD3d at 1083; Matter of Gibbs v New York City Employees' Retirement Sys., 161 AD3d at 981). The resolution of conflicting medical evidence is within the sole province of the Medical Board, and it was entitled to credit the analysis of its own doctors over that of the petitioner's doctor (see Matter of Bradley v New York City Employees' Retirement Sys., 193 AD3d 847, 849; Matter of Servedio v Lee, 188 AD3d 891, 893; Matter of Giuliano v New York Fire Dept. Pension Fund, 185 AD3d 812, 815).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court