Matter of Wade v New York City Employees' Retirement Sys. (2024 NY Slip Op 00322)

Matter of Wade v New York City Employees' Retirement Sys.

2024 NY Slip Op 00322

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2020-06010
 (Index No. 2269/19)

[*1]In the Matter of Gerron Wade, respondent,
v
New York City Employees' Retirement System, et al., appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Janet L. Zaleon of counsel), for appellants.
Chet Lukaszewski, P.C., Mineola, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated February 14, 2019, which adopted the recommendation of the Medical Board of the New York City Employees' Retirement System and denied the petitioner's application for performance of duty disability retirement benefits pursuant to General Municipal Law § 207-o, New York City Employees' Retirement System and City of New York appeal from a judgment of the Supreme Court, Kings County (Wavny Toussaint, J.), dated June 24, 2020. The judgment granted the petition, annulled the determination, and directed that the petitioner be granted performance of duty disability retirement benefits pursuant to General Municipal Law § 207-o retroactive to February 14, 2019.
ORDERED that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.
The petitioner, a retired New York City correction officer, commenced this CPLR article 78 proceeding challenging a determination of the Board of Trustees of the New York City Employees' Retirement System dated February 14, 2019, adopting the recommendation of the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board) denying his application for performance of duty disability retirement benefits pursuant to General Municipal Law § 207-o (hereinafter section 207-o benefits). In a judgment dated June 24, 2020, the Supreme Court granted the petition, annulled the determination, and directed that the petitioner be granted section 207-o benefits retroactive to February 14, 2019. We reverse.
The Medical Board rebutted the presumption of General Municipal Law § 207-o that the petitioner's disabling structural heart condition, a condition involving an alternate pathway for electrical signals, was related to the stress of his job as a correction officer with competent medical evidence, including medical evidence that the petitioner did not suffer from any hypertensive heart disease (see Matter of Bradley v New York City Employees' Retirement Sys., 193 AD3d 847).
Contrary to the contention of our dissenting colleague, the Medical Board did not deny the petitioner section 207-o benefits by focusing solely on the absence of hypertension (see [*2]Matter of Luc v O'Neill, 189 AD3d 504, 505). Rather, the Medical Board, which included a cardiologist, Robert Braff, concluded in a May 14, 2018 report that "[t]he defined arrythmia, now ablated, [atrioventricular nodal reentrant tachycardia (hereinafter AVNRT)], is not precipitated by known cardiac stressors (i.e. hypertensive heart disease or coronary artery disease), and is an intrinsic structural electrical defect." Thereafter, in an addendum dated December 17, 2018, the Medical Board clarified that "[a]lthough there is mention of hypertension, in the record, the Medical Board finds that there is no documentation of hypertensive heart disease and hypertension is not the underlying cause of his AVNRT. The echocardiogram . . . showed normal chamber and wall thickness." While a physician member of the Medical Board stated at a meeting of the Board of Trustees of the New York City Employees' Retirement System that stress could precipitate an arrythmia, he also asserted that stress was not the cause of the petitioner's heart defect, thereby rebutting the presumption that the petitioner's heart condition was related to the stress of his employment.
Therefore, the determination adopting the recommendation of the Medical Board was not irrational or arbitrary and capricious (Matter of Servedio v Lee, 188 AD3d 891). Accordingly, we reverse the judgment, deny the petition, and dismiss the proceeding on the merits.
BRATHWAITE NELSON, J.P., WARHIT and LOVE, JJ., concur.
DOWLING, J., dissents, and votes to affirm the judgment, with the following memorandum:
In 2017, the petitioner, then a correction captain who had worked for the Department of Correction at Rikers Island Correctional Facility for more than 11 years, began experiencing lightheadedness and heart palpitations while at work, and passed out twice at work after experiencing chest pains, rapid heart beat, and shortness of breath. The petitioner was only 37 years old at the time, had passed a physical examination on entry into service with the Department of Correction, had no history of cardiac disease, and had never smoked. After seeking medical treatment, the petitioner was diagnosed with atrioventricular nodal reentrant tachycardia (hereinafter AVNRT), a form of supraventricular tachycardia, and underwent an ablation procedure and implantation of a loop recorder to detect abnormal heart rhythms. The petitioner's blood pressure was also noted to be "higher than it should be," and he was prescribed Metroprolol, among other medications. The petitioner continued to experience episodes of supraventricular tachycardia with palpitations postablation. A follow-up echocardiogram performed in July 2017 showed normal function and wall thickness.
In January 2018, the Department of Correction applied to the New York City Employees' Retirement System (hereinafter NYCERS) requesting that the petitioner be considered for performance of duty disability retirement benefits, inter alia, pursuant to General Municipal Law § 207-o (hereinafter section 207-o benefits)—the "Heart Bill"—based on his diagnosis of "[n]europathy, status post placement of implantable loop recorder - primary AVNRT 9C AV Nodal re-entry tachycardia[ ], lightheadedness." The petitioner subsequently filed an application with NYCERS for section 207-o benefits and ordinary disability benefits pursuant to Retirement and Social Security Law § 507-a based on "cardiac impairment." The Medical Board of NYCERS (hereinafter the Medical Board) concluded that the petitioner was disabled from performing his duties as a correction captain based on his diagnoses of AVNRT with recurrent symptomatic supraventricular tachycardia postablation, and approved the application for ordinary disability benefits under Retirement and Social Security Law § 507-a. However, the Medical Board recommended that the applications for section 207-o benefits be denied because the basis for the petitioner's disabling symptoms was his AVNRT, an "intrinsic structural electrical defect" of the heart "not precipitated by known cardiac stressors." The Medical Board later clarified that, notwithstanding the "mention of hypertension[ ] in the record," there was no evidence that the petitioner suffered from hypertensive heart disease "and hypertension is not the underlying cause of his AVNRT." The petitioner appealed the Medical Board's recommendation, and the Board of Trustees of NYCERS adopted the recommendation.
"In an article 78 proceeding challenging [a] disability determination, the Medical Board's finding will be sustained unless it lacks rational basis, or is arbitrary or capricious" (Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760; see Matter of Maxwell v New York City Employees' Retirement Sys., 210 AD3d 1095; Matter of Bradley v New York City Employees' Retirement Sys., 193 AD3d 847). "The resolution of conflicting medical evidence is within the sole province of the Medical Board, [which is] entitled to credit the analysis of its own doctors over that of the petitioner's doctor" (Matter of Maxwell v New York City Employees' Retirement Sys., 210 AD3d at 1096).
General Municipal Law § 207-o(1) provides that uniformed members of the Department of Correction who develop "any condition of impairment of health caused by diseases of the heart" are presumed to have incurred such condition in the performance and discharge of duty, "unless the contrary be proven by competent evidence." The statute mirrors that of General Municipal Law § 207-k, and was enacted to extend to uniformed members of the Department of Correction the same performance of duty presumption otherwise afforded to police and fire department members (see Senate Introducer's Mem in Support, Bill Jacket, L 1998, ch 546). The theory behind these so-called "Heart Bills" is that heart conditions are not only an "occupational hazard" for such members, "but also that this is a unique condition which generally . . . involves a gradual and progressive degeneration as a result of the continuous stress and strain of the job" (Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO v Beekman, 52 NY2d 463, 471). To rebut the presumption afforded by the statute, some credible medical evidence that the heart condition did not arise from job-related stress is required (see General Municipal Law § 207-o; see e.g. Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d at 760-761; Matter of Modlin v Kelly, 121 AD3d 464, 464).
Here, I cannot subscribe to the conclusion of my colleagues in the majority that the Medical Board relied on credible medical evidence in finding that the petitioner's disabling heart condition did not occur in the performance of his duty as a correction captain such that he is not entitled to section 207-o benefits. In reaching its determination, the Medical Board relied upon the testimony of a physician employed by NYCERS who reviewed the petitioner's medical records and concluded that the petitioner's disabling heart condition was not caused by hypertensive heart disease. Indeed, as acknowledged by the majority, the Medical Board found that the petitioner's condition was "not precipitated by known cardiac stressors (i.e. hypertensive heart disease or coronary artery disease)" and that "hypertension is not the underlying cause of his AVNRT." However, it is improper for the Medical Board to deny section 207-o benefits by focusing solely on the absence of hypertension (see Matter of Luc v O'Neill, 189 AD3d 504, 505).
Moreover, the NYCERS physician explained that AVNRT is an "intrinsic structural defect of the heart," which he described as "an accessory electrical pathway," and which he stated would have developed regardless of the job that the petitioner performed. However, the NYCERS physician, who is not a cardiologist or electrophysiologist, also stated that he was not qualified to opine as to whether the petitioner's AVNRT was congenital or otherwise provide an etiology as to why the petitioner developed AVNRT. The cardiologist identified by the majority, Robert Braff, provided no explanation as to the etiology of the petitioner's AVNRT. The NYCERS physician also stated that the existence of the structural defect itself, i.e., the AVNRT, is not alone a disabling condition. Rather, the disabling condition is the supraventricular tachycardia, or abnormal contractions of the heart, which occur when use of the accessory pathway is "trigger[ed]," and that stress could "certainly" trigger these arrhythmias in the accessory reentrant pathway. The Medical Board's finding was thus based on evidence which exhibits, at best, that the petitioner suffers from a structural heart condition of unknown etiology which, when triggered, causes a disabling supraventricular tachycardia condition, and that stress triggers such disabling condition. Upon this evidence, as well as the fact that the condition was triggered during the petitioner's employment as a correction officer, it was not rational for the Medical Board to conclude that the petitioner's disabling heart condition was not related to the stress of his job as a correction officer (cf. Matter of Bradley v New York City Employees' Retirement Sys., 193 AD3d 847).
Accordingly, I vote to affirm the judgment.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court