Matter of Rathour v Whinnery

2026 NY Slip Op 03311

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Raja Rathour, appellant,

v

Melanie Whinnery, etc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2024-08023, (Index No. 536317/22)

Mark C. Dillon, J.P.

Lara J. Genovesi

Donna-Marie E. Golia

Phillip Hom, JJ.

Chet Lukaszewski, P.C., Mineola, NY, for appellant.

Steven Banks, Corporation Counsel, New York, NY (Claude S. Platton and Ian M. Sinclair of counsel), for respondents.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated August 11, 2022, which denied the petitioner's application for disability retirement benefits pursuant to Retirement and Social Security Law § 507-c, the petitioner appeals from a judgment of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated March 28, 2024. The judgment denied the petition and dismissed the proceeding.

ORDERED that the judgment is affirmed, with costs.

The petitioner, who was injured during three incidents occurring in 2012 and 2013 while working as a corrections officer with the New York City Department of Correction, applied for disability retirement benefits pursuant to Retirement and Social Security Law § 507-c as a result of injuries he sustained during those incidents. In a determination dated August 11, 2022, the Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees) adopted the recommendation of the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board) to deny the petitioner's application based on a finding that the petitioner was disabled due to the progression of degenerative "changes/arthritis" in his left knee and right shoulder, which was not caused or aggravated by his work-related injuries. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination. In a judgment dated March 28, 2024, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.

"'[T]he decision of the [B]oard of [T]rustees as to the cause of an officer's disability will not be disturbed unless its factual findings are not supported by substantial evidence or its final determination and ruling is arbitrary and capricious'" (Matter of Maxwell v New York City Employees' Retirement Sys., 210 AD3d 1095, 1095, quoting Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 60 NY2d 347, 351; see Matter of Singleton v New York City Employees' Retirement Sys., 208 AD3d 882, 882-883. "'Substantial evidence' in this context means 'some credible evidence'" (Matter of Hernandez v New York City Employees' Retirement Sys., 148 AD3d 706, 707, quoting Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760).

Here, contrary to the petitioner's contention, the Medical Board's determination, which was adopted by the Board of Trustees, that the petitioner did not establish a disability as a result of the three work-related incidents was supported by credible evidence and was not arbitrary and capricious (see Matter of Rosa v New York City Employees' Retirement Sys., 227 AD3d 810, 813; Matter of Boyd v New York City Employees' Retirement Sys., 202 AD3d 1082, 1083). The resolution of the conflicting medical evidence was within the province of the Medical Board (see Matter of Castellanos v New York City Employees' Retirement Sys., 241 AD3d 822, 824; Matter of Rosa v New York City Employees' Retirement Sys., 227 AD3d at 812).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

DILLON, J.P., GENOVESI, GOLIA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court