Matter of Smiley v Whinnery
2026 NY Slip Op 03970
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Gary Smiley, respondent,
v
Melanie Whinnery, etc., et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2022-02323, (Index No. 501895/21)
Valerie Brathwaite Nelson, J.P.
Helen Voutsinas
Janice A. Taylor
Donna-Marie E. Golia, JJ.

Steven Banks, Corporation Counsel, New York, NY (Jane L. Gordon, Philip W. Young, and Amy McCamphill of counsel), for appellants.
Goldberg & McEnaney, LLC (Timothy McEnaney and Seelig Law Offices, LLC, New York, NY [Philip H. Seelig], of counsel), for respondent.

[*1]
DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated November 30, 2020, which adopted the recommendation of the Medical Board of the New York City Employees' Retirement System and denied the petitioner's application for performance of duty disability retirement pursuant to Retirement and Social Security Law § 607-b to the extent that it was based on physical disability, the appeal is from a judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated December 13, 2021. The judgment granted the petition and annulled the determination.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof granting that branch of the petition which was for an award of attorneys' fees, and substituting therefor a provision denying that branch of the petition; as so modified, the judgment is affirmed, with costs to the petitioner.
The petitioner, who was a New York City Fire Department (hereinafter FDNY) paramedic, was a first responder at the World Trade Center site following the attack on September 11, 2001. In September 2013, the petitioner applied for performance of duty disability retirement pursuant to Retirement and Social Security Law § 607-b based on injuries he suffered at the World Trade Center site (hereinafter the petitioner's application). He alleged, among other things, that he suffered from asthma, chronic sinusitis and rhinitis, prolonged post-traumatic stress disorder (hereinafter PTSD), gastroesophageal reflux disease (hereinafter GERD), and chronic dizziness and headaches.
In February 2014, the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board) determined that the petitioner's chronic sinus disease, asthma, and GERD were not of such severity as to preclude him from performing the duties of an FDNY paramedic, and in March 2014, the Medical Board found that the documentary and clinical evidence failed to substantiate that the petitioner was disabled on mental health grounds.
In July 2014, the Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees) remanded the petitioner's application to the Medical Board for consideration of new medical evidence. Ultimately, the Medical Board recommended [*2]denial of the petitioner's application. In March 2016, the Board of Trustees adopted the Medical Board's recommendation and denied the petitioner's application.
In January 2017, after the petitioner commenced a proceeding pursuant to CPLR article 78 challenging the Board of Trustees's determination, the Supreme Court annulled the denial of the petitioner's application and remanded the matter for the Medical Board to set forth an adequate statement of the factual basis for its determination and a new determination by the Board of Trustees. In October 2017, after remand, the Medical Board determined that the petitioner was disabled due to PTSD and depression and recommended approval of the petitioner's application on those grounds. However, the Medical Board did not find that the petitioner's sinus condition, GERD, and asthma were of such severity as to preclude the work of an FDNY paramedic.
In November 2017, the Board of Trustees approved the Medical Board's recommendation and awarded the petitioner a ¾ disability retirement benefit for depression and PTSD under Retirement and Social Security Law § 607-b.
In February 2018, the petitioner commenced a second proceeding pursuant to CPLR article 78, alleging that the Medical Board's determination, which limited his disability to mental health grounds, ignored the evidence regarding his pulmonary and gastrological conditions. The petitioner claimed that because of this determination, he was unable to receive additional benefits under the September 11th Victim Compensation Fund (hereinafter the VCF), as psychological conditions were not compensable under the VCF. In August 2018, the parties stipulated to discontinue the second CPLR article 78 proceeding with prejudice and remand the petitioner's application to the Medical Board to consider the petitioner's application under the FDNY's revised job descriptions for paramedics.
In December 2018, in accordance with the stipulation, the Medical Board reexamined the petitioner based on the FDNY's new job descriptions and new medical evidence submitted by the petitioner to determine whether his physical conditions disabled him from performing the duties of an FDNY paramedic. The Medical Board found that the evidence substantiated the petitioner's disability due to PTSD but not due to any physical impairments. The Medical Board acknowledged that the evidence and its own assessments confirmed diagnoses of asthma, GERD, and sinusitis, but concluded that they did not support a claim of functional impairment sufficient to prevent the petitioner "from performing the duties of a paramedic, including but not limited to the lifting, climbing and manual dexterity and endurance required of his work as per the job description." Accordingly, the Medical Board recommended approval of the petitioner's application based on depression and PTSD but not based on asthma, sinusitis, rhinitis, GERD, dizziness, headaches, kidney cyst, or pain and weakness.
In September 2019, following additional medical submissions by the petitioner and an examination and interview of the petitioner, the Medical Board found no functional impairment due to chronic and recurrent sinusitis that prevented the petitioner from performing the duties of an FDNY paramedic, including, but not limited to, lifting, climbing, and manual dexterity and endurance as required by the job description. The Medical Board again recommended approval of the petitioner's application based upon depression and PTSD and denial based upon asthma, sinusitis, rhinitis, GERD, dizziness, headaches, kidney cyst, and pain and weakness. In October and November 2019, the petitioner submitted additional evidence regarding his sinusitis. The Medical Board reviewed these submissions but determined that they did not warrant further consideration. In a determination dated November 30, 2020, the Board of Trustees adopted the Medical Board's recommendation and denied the petitioner's application to the extent that it was based on physical disability.
In January 2021, the petitioner commenced the instant proceeding pursuant to CPLR article 78 against Melanie Whinnery, the executive director of the New York City Employees' Retirement System (hereinafter NYCERS), the Medical Board, and the Board of Trustees. The petitioner again alleged that the denial of benefits for physical impairment prejudiced him because that denial precluded his recovery of VCF benefits, as only qualifying physical impairments were compensable by the VCF. The petitioner contended that the determination dated November 30, [*3]2020, should be annulled and that the NYCERS should be directed to retire him with performance of duty disability benefits based on his World Trade Center-related qualifying physical condition. The petitioner also sought an award of attorneys' fees and costs.
In a judgment dated December 13, 2021, the Supreme Court granted the petition and annulled the November 30, 2020 determination. Whinnery, the Medical Board, and the Board of Trustees (hereinafter collectively the appellants) appeal.
The appellants' contention that the judgment should be reversed on the ground that the primary relief awarded has been rendered academic is based upon matters dehors the record and, therefore, has not been considered (see Hojas v Jones, 240 AD3d 672, 674).
NYCERS members employed by the City of New York in the position of emergency medical technician may apply for performance of duty disability retirement benefits under Retirement and Social Security Law § 607-b. Where an applicant, such as the petitioner, who participated in the World Trade Center rescue, recovery, or clean up operations following the September 11, 2001 terrorist attacks suffers from a condition or impairment of health caused by a qualifying World Trade Center condition, a presumption attaches that such condition or impairment of health was incurred in the performance and discharge of duty and the natural and proximate result of an accident unless the contrary is proved by competent evidence (see id. § 607-b[c][1][a]; see also Matter of Bitchatchi v Board of Trustees of the N.Y. City Police Dept. Pension Fund, Art. II, 20 NY3d 268, 281-282). A "qualifying World Trade Center condition" is defined as a "qualifying condition or impairment of health resulting in disability" (Retirement and Social Security Law § 2[36][a]; see § 607-b[c][1][a]). Among others, qualifying conditions encompass: (1) "diseases of the upper respiratory tract and mucosae, including conditions such as rhinitis [and] sinusitis," (2) "diseases of the lower respiratory tract, including but not limited to . . . asthma," and (3) "diseases of the gastroesophageal tract, including . . . reflux disease, either acute or chronic, caused by exposure or aggravated by exposure" (id. § 2[36][c][i]-[iii]). "The net effect of the statutory presumption is that first responders . . . need not submit any evidence—credible or otherwise—of causation in order to obtain the enhanced accidental disability retirement benefits, but rather the burden falls to the relevant pension fund . . . to tender affirmative competent or credible evidence to disprove causation" (Matter of LaBella v New York City Employees' Retirement Sys., 232 AD3d 793, 794-795 [internal quotation marks omitted]; see Matter of Bitchatchi v Board of Trustees of the N.Y. City Police Dept. Pension Fund, Art. II, 20 NY3d at 282; Matter of Samadjopoulos v New York City Employees' Retirement Sys., 104 AD3d 551, 552).
"The Medical Board determines whether a member applying for disability retirement benefits is disabled, and the Board of Trustees is bound by the Medical Board's finding that an applicant is, or is not, disabled for duty" (Matter of LaBella v New York City Employees' Retirement Sys., 232 AD3d at 795 [internal quotation marks omitted]; see Matter of Rosa v New York City Employees' Retirement Sys., 227 AD3d 810, 813). "The Medical Board's determination is conclusive if it is supported by some credible evidence and is not arbitrary or capricious" (Matter of LaBella v New York City Employees' Retirement Sys., 232 AD3d at 795 [internal quotation marks omitted]; see Matter of Russell v New York City Employees' Retirement Sys., 155 AD3d 1046). "In applying the arbitrary and capricious standard, a court inquires whether the determination under review had a rational basis" (Matter of LaBella v New York City Employees' Retirement Sys., 232 AD3d at 795 [internal quotation marks omitted]; see Matter of Gibson v Commissioner of the N.Y. State Dept. of Motor Vehs., 223 AD3d 667). The dispositive issue is whether the petitioner was permanently incapacitated from performing his actual job duties (see Matter of LaBella v New York City Employees' Retirement Sys., 232 AD3d at 796; Matter of Haag v DiNapoli, 201 AD3d 1179, 1180).
Contrary to the appellants' contentions, the Medical Board's determination that the petitioner's sinusitis was not severe enough to physically disable him from performing the duties of an FDNY paramedic was arbitrary and capricious, as it was not supported by credible evidence (see Matter of LaBella v New York City Employees' Retirement Sys., 232 AD3d at 795; see also Matter of Samadjopoulos v New York City Employees' Retirement Sys., 104 AD3d at 553). Sinusitis is a qualifying condition (see Retirement and Social Security Law § 2[36][c]).
Here, the petitioner's treating physicians provided extensive medical evidence and documentation regarding the disabling nature of the petitioner's conditions. The Medical Board's determination that the petitioner's conditions did not prevent him from performing an FDNY paramedic's duties was not rational because it failed to consider the medical evidence regarding the petitioner's physical condition in light of the revised job description of a paramedic for the FDNY.
Although the Medical Board is empowered to resolve conflicting medical evidence and to credit its own doctors' diagnosis over that of the petitioner's doctor, the record does not contain an evidentiary basis for the Medical Board's doctors' conclusions. Moreover, the Medical Board may not simply ignore medical evidence by failing to refute the conclusions of the petitioner's treating physicians (see Matter of Rosa v New York City Employees' Retirement Sys., 227 AD3d at 812; Matter of Bradley v New York City Employees' Retirement Sys., 193 AD3d 847, 849; Matter of Samadjopoulos v New York City Employees' Retirement Sys., 104 AD3d at 553). Specifically, one of the petitioner's doctors determined that the petitioner's sinus condition would be exacerbated by exposure to smoke and other irritants. The Medical Board's ear, nose, and throat examination of the petitioner and medical reports did not address this conclusion, even though, as an FDNY paramedic, the petitioner could be required to perform tasks at hazardous material scenes such as a chemical spill, an industrial fire, or another accident where smoke and other environmental irritants would be present. Additionally, the Medical Board determined that the petitioner was not disabled because his sinus conditions could be controlled with the use of rinses and with the use of a dosing nebulizer several times per day. The Medical Board failed to consider how the petitioner could have managed this treatment when FDNY paramedics are required to, among other things, work for extended periods during the night or day in ambulances and to perform tasks in confined spaces.
Accordingly, the Supreme Court properly granted that branch of the petition which was to annul the Board of Trustees's determination dated November 30, 2020, and to direct the NYCERS to retire him with performance of duty disability benefits based on his World Trade Center-related qualifying physical condition.
However, the appellants correctly contend that there was no basis for the Supreme Court to award the petitioner attorneys' fees, a contention that the petitioner did not oppose in his submission to this Court. "The general rule is that in [CPLR] article 78 proceedings, the prevailing party may not collect attorneys' fees from the loser unless an award is authorized by agreement between the parties or by statute or by court rule" (Matter of Smith v New York City Fire Dept., 239 AD3d 870, 872 [internal quotation marks omitted]; see Matter of LaBarbera v New York City Dept. of Educ., 241 AD3d 547). Here there was no agreement, statute, or court rule authorizing such an award.
Accordingly, the Supreme Court erred in granting that branch of the petition which was for an award of attorneys' fees.
The appellants' remaining contentions need not be reached in light of this determination and, in any event, are without merit.
BRATHWAITE NELSON, J.P., VOUTSINAS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court