■ In the Matter of JAMES C. MESCALL, Respondent, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Appellants. [612 NYS2d 624] — In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Board of Trustees), denying petitioner's application for an accident disability pension and retiring him on ordinary disability, the Board appeals from a judgment of the Supreme Court, Kings County (Vinik, J.), dated August 14, 1992, which, *inter alia,* granted the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner fireman sustained a line-of-duty injury to his left knee in 1985 as the result of a fall, and was out of work for four days before returning to full duty. In 1986 he was examined by Dr. Soren, a physician employed by the Fire Department of the City of New York, after complaining of recurrent swelling of the left knee. In his report of the examination, Dr. Soren indicated that the petitioner had injured the knee "about a year ago in a service connected activity". The doctor opined that an arthroscopic examination of the knee was indicated and gave authorization for this exam. In December 1986 the petitioner underwent operative arthroscopy of the left knee for a torn lateral meniscus. He returned to full duty in May 1987.

Thereafter, in August 1987 he sustained a line-of-duty injury to his left knee when he was overhauling the fire room at his fire station. He went on medical leave and returned to full duty on September 5, 1987. On November 7, 1987 he injured his knee again at a fire scene when an axe fell and hit him. He was out of work for four days before returning to full duty. After experiencing recurrent knee pain, he visited Dr. Soren. The doctor issued a report indicating that the 1986 surgery had been job-related, and recommending therapy and re-evaluation in two weeks. Petitioner was put back on full duty on January 16, 1988, but was placed on light duty after complain-

ing of pain. On June 3, 1988, he underwent a second operative arthroscopy of the left knee after an examination uncovered a tear of the lateral meniscus.

In November 1988 he was examined by Dr. Meinhard of the Fire Department Medical Division, who found him incapable of performing full duty due to the condition of his knee. He was referred to a three-man Medical Board which noted that he had "several (service-connected) injuries to the left knee, arthroscopic surgery was performed on 12/86 and 6/88". It found instability in the left knee, determined that he was unfit for fire duty due to the lateral meniscus tear, and recommended him for the Limited Service Squad.

The petitioner subsequently applied for accident disability retirement, alleging in part that his disability resulted from the line-of-duty injuries incurred in August and November of 1987. The Medical Board ultimately recommended that the application be denied. Although, the Medical Board determined that the petitioner was disabled due to his left knee, it found that this condition was not the result of a line-of-duty injury and did not result from aggravation of a pre-existing asymptomatic condition, given that the injuries were not of sufficient severity. The Medical Board determined that the deterioration of the petitioner's knee was a reasonable outcome of the previous surgeries in 1986 and 1988. The Board of Trustees subsequently determined, as a consequence of a tie vote, to grant the petitioner ordinary retirement disability benefits pursuant to *Matter of City of New York v Schoeck* (294 NY 559).

We find that the Supreme Court properly determined that the record incontrovertibly established a causal link between the line-of-duty incidents and the petitioner's disability and that the petitioner was therefore entitled to an accident disability pension as a matter of law.

The court may set aside a denial of an accident disability pension, predicated on a tie vote of the Board, when it concludes that as a matter of law on the record, the disability was a natural and proximate result of a service-related accident *(see, Matter of Bridgwood v Board of Trustees,* 203 AD2d 460; *Matter of Fitzpatrick v Board of Trustees,* 203 AD2d 460; *Matter of Causarano v Board of Trustees,* 178 AD2d 474; *Matter of Jones v Board of Trustees,* 123 AD2d 628).

The record before us contains medical evidence that the surgeries were necessitated by the petitioner's line-of-duty

injuries. As the Supreme Court noted, there was no indication that the petitioner had a knee problem prior to becoming a fireman or that he had suffered left knee injuries which were not incurred in the line of duty. The only evidence before the Medical Board and the Board of Trustees was the petitioner's medical records and the proof concerning his line-of-duty knee injuries.

Under all these circumstances, we find that there was no objective medical evidence that the petitioner's knee condition was the result of anything other than a line-of-duty injury. Therefore, petitioner was entitled to accident disability retirement *(see,* Administrative Code of City of NY § 13-353; *Matter of Jones v Board of Trustees, supra; cf., Matter of Russo v Board of Trustees,* 143 AD2d 674). Balletta, J. P., Miller, Lawrence and Goldstein, JJ., concur.