■ In the Matter of ANTHONY STACK, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Appellants. [652 NYS2d 992] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated January 31, 1995, denying petitioner's application for an accident disability pension and retiring him on ordinary disability, the appeal is from an interlocutory judgment of the Supreme Court, Kings County (Yoswein, J.), entered November 13, 1995, which granted the petition, annulled the determination, and remitted the matter to the Board of Trustees for the limited purpose of determining the amount of the petitioner's accident disability benefits.

Ordered that the notice of appeal from the interlocutory judgment dated January 31, 1995, is deemed an application for leave to appeal and the application is granted; and it is further,

Ordered that the interlocutory judgment is affirmed, with costs.

Contrary to the respondents' contention, the record contains uncontroverted medical evidence that the petitioner's arthroscopic knee surgery was necessitated by his line-of-duty injuries, and that the subsequent disability was the result of that surgery. Accordingly, since there was no medical evidence that the petitioner's knee condition was the result of anything other than his line-of-duty injuries, the Supreme Court properly determined that he was entitled to an accident disability pension (see, Matter of Wahl v Board of Trustees, 230 AD2d 747; Matter of Mescall v Board of Trustees, 204 AD2d 643, 645). Miller, J. P., Santucci, Joy and Krausman, JJ., concur.