In the Matter of ANTHONY GAUDIOSO, Appellant, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND et al., Respondents. [835 NYS2d 396]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated May 24, 2005, which denied the petitioner's application for service-related accidental disability retirement benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Ambrosio, J.), dated March 16, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the respondent Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund for the granting of the petitioner's application for service-related accidental disability retirement benefits.

Where, as here, the respondent Board of Trustees of the New

York City Fire Department, Article 1-B Pension Fund, denies an application for a service-related accidental disability pension by a tie vote, pursuant to *Matter of City of New York v Schoeck* (294 NY 559 [1945]), this Court may set aside that determination if we conclude as a matter of law that the petitioner's disability was a natural and proximate result of a service-related accident (*see Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 60 NY2d 347 [1983]; *Matter of Farley v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 13 AD3d 531 [2004]; *Matter of Guidal v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 275 AD2d 458 [2000]). Here, the Medical Board of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Medical Board) found the petitioner to be permanently disabled as a result of an extensive labral tear with an associated small paralabral cyst and related shoulder injuries. MRI studies done two months prior to the incident, however, found no cyst, only a suspected anterior labral tear and other mild pathology. This evidence was sufficient to establish as a matter of law that the disabling injuries were caused by the incident. There is no credible evidence on this record to support the Medical Board's conclusion that the "Member Injury Report" "describes a situation that is not of sufficient magnitude to aggravate" the petitioner's pre-existing condition. Spolzino, J.P., Krausman, Skelos and Dickerson, JJ., concur.