In the Matter of LARRY SORENSON, Appellant, v SALVATORE CASSANO et al., Respondents. [986 NYS2d 620]—

In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the respondent Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated October 27, 2010, which denied the petitioner's application for accident disability retirement benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Martin, J.), dated June 1, 2012, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"The issue of whether a firefighter is disabled is determined by the Medical Board of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Medical Board), and its 'determination . . . is conclusive if it is supported by some credible evidence and is not irrational' " (*Matter of Martirano v Cassano*, 96 AD3d 851, 851 [2012], quoting *Matter of Rodriguez*

*v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 3 AD3d 501, 501 [2004]). "Credible evidence is 'evidence that proceeds from a credible source and reasonably tends to support the proposition for which it is offered' " (*Matter of Martirano v Cassano*, 96 AD3d at 851, quoting *Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 147 [1997]). "As long as there is 'some credible evidence' supporting the Medical Board's determination, its determination must be upheld" (*Matter of Deering v Scopetta*, 71 AD3d 1141, 1142 [2010], quoting *Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760 [1996]).

Here, the determination of the Medical Board that the petitioner did not have a respiratory condition which would preclude full fire fighting duty was supported by credible evidence, including the reports of certain medical tests. While the record also contained a report making a finding that the petitioner was unfit for full fire fighting duty, it was solely within the province of the Medical Board to resolve conflicting evidence and medical reports (*see Matter of Martirano v Cassano*, 96 AD3d at 851-852; *Matter of Vastola v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 37 AD3d 478 [2007]).

The petitioner's remaining contentions are without merit.

Accordingly, the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, properly upheld the Medical Board's recommendation, and the Supreme Court properly denied the petition and dismissed the proceeding. Rivera, J.P., Lott, Miller and Duffy, JJ., concur.