In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees’ Retirement System dated September 11, 2014, which adopted the recommendation of the Medical Board of the New York City Employees’ Retirement System and denied the petitioner’s application for disability retirement benefits pursuant to Retirement and Social Security Law § 605, the petitioner appeals from a judgment of the Supreme Court, Kings County (Genovesi, J.), dated June 16, 2016, which denied the petition and dismissed the proceeding.
 

 Ordered that the judgment is affirmed, without costs or disbursements.
 

 The petitioner applied to the New York City Employees’ Retirement System for disability retirement benefits pursuant to Retirement and Social Security Law § 605. The Medical Board of the New York City Employees’ Retirement System (hereinafter the Medical Board) recommended that her application be denied. The Board of Trustees of the New York City Employees’ Retirement System (hereinafter the Board of Trustees) adopted the Medical Board’s recommendation and denied the petitioner’s application. The petitioner commenced this CPLR article 78 proceeding to review the determination of the Board of Trustees. In a judgment dated June 16, 2016, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
 

 The Medical Board determines whether a member applying for disability retirement benefits is disabled, and the Board of Trustees is bound by the Medical Board’s finding that an applicant is, or is not, disabled for duty (see Matter of Borenstein v New York City Employees’ Retirement Sys., 88 NY2d 756, 760 [1996]; Matter of Drummond v New York City Employees’ Retirement Sys., 98 AD3d 1116, 1117 [2012]; Matter of Drew v New York City Employees’ Retirement Sys., 305 AD2d 408, 408-409 [2003]). “The Medical Board’s determination is conclusive if it is supported by some credible evidence and is not arbitrary or capricious” (Matter of Drummond v New York City Employees’ Retirement Sys., 98 AD3d at 1117 [internal quotation marks omitted]; see Matter of Borenstein v New York City Employees’ Retirement Sys., 88 NY2d at 760-761; Matter of Drew v New York City Employees’ Retirement Sys., 305 AD2d at 409).
 

 Here, the record demonstrates that the Medical Board performed physical examinations of the petitioner and considered her medical evidence. Although the medical conclusions of some of the petitioner’s treating physicians differed from those of the Medical Board, the resolution of such conflicts is the sole province of the Medical Board (see Matter of Drummond v New York City Employees’ Retirement Sys., 98 AD3d at 1117; Matter of Drew v New York City Employees’ Retirement Sys., 305 AD2d at 409). The determination of the Medical Board was supported by credible evidence, and the determination of the Board of Trustees was neither irrational, nor arbitrary and capricious (see Matter of Drummond v New York City Employees’ Retirement Sys., 98 AD3d at 1117-1118; Matter of Borenstein v New York City Employees’ Retirement Sys., 88 NY2d at 760-761; Matter of Drew v New York City Employees’ Retirement Sys., 305 AD2d at 409). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
 

 Balkin, J.P., Leventhal, Austin and Iannacci, JJ., concur.