Matter of Singleton v New York City Employees' Retirement Sys. (2022 NY Slip Op 05089)

Matter of Singleton v New York City Employees' Retirement Sys.

2022 NY Slip Op 05089

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SHERI S. ROMAN
LINDA CHRISTOPHER
DEBORAH A. DOWLING, JJ.

2019-11311
 (Index No. 501142/19)

[*1]In the Matter of Scott S. Singleton, respondent,
v
New York City Employees' Retirement System, appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jeremy W. Shweder and Diana Lawless of counsel), for appellant.
Goldberg & McEnaney, LLC, Port Washington, NY (Timothy McEnaney of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated September 13, 2018, which denied the petitioner's application for performance of duty disability retirement benefits pursuant to Retirement and Social Security Law § 507-c, the New York City Employees' Retirement System appeals from a judgment of the Supreme Court, Kings County (Richard Velasquez, J.), dated September 4, 2019. The judgment granted the petition, annulled the determination, and directed that the petitioner be granted performance of duty disability retirement benefits retroactive to February 24, 2015.
ORDERED that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
The petitioner, a former correction officer with the New York City Department of Correction, applied for performance of duty disability retirement benefits pursuant to Retirement and Social Security Law § 507-c, alleging that he sustained disabling injuries to his neck and back on December 29, 2013, during an altercation with an inmate. On September 13, 2018, the Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees), adopted the recommendation of the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board), which had determined that the petitioner's disabling condition was not causally related to the December 29, 2013 incident.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination of the Board of Trustees. The Supreme Court granted the petition, annulled the determination, and directed that the petitioner be granted performance of duty disability retirement benefits retroactive to February 24, 2015.
An applicant for accident disability retirement benefits has the burden of establishing that a disability is causally connected to a performance of duty accident (see Matter of Giuliano v New York Fire Dept. Pension Fund, 185 AD3d 812, 814). "Ordinarily, the decision of the board of [*2]trustees as to the cause of an officer's disability will not be disturbed unless its factual findings are not supported by substantial evidence or its final determination and ruling is arbitrary and capricious" (Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 60 NY2d 347, 351). Substantial evidence has been construed in disability cases, as requiring some credible evidence (see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760). Credible evidence has been described as evidence that proceeds from a credible source, which reasonably tends to support the proposition for which it is offered (see Matter of Sorenson v Cassano, 117 AD3d 1069, 1070).
Here, the conclusions of the Medical Board, adopted by the Board of Trustees, were supported by credible evidence consisting of the Medical Board's independent interviews and examinations of the petitioner, its review of the medical records and reports of the petitioner's treating physicians, and the report of a radiologist consulted by the Medical Board, interpreting MRI studies of the cervical region of the petitioner's spine (see Matter of Boyd v New York Employees' Retirement Sys., 202 AD3d 1082; Matter of Gibbs v New York City Employees' Retirement Sys., 161 AD3d 980, 981). The resolution of conflicting medical evidence was within the province of the Medical Board (see Matter of Solomonoff v New York City Employees' Retirement Sys., 188 AD3d 700, 701; Matter of Vastola v Board of Trustee of N.Y. City Fire Dept., Art. 1-B Pension Fund, 37 AD3d 478).
Contrary to the petitioner's contention and the position of our dissenting colleague, the record does not demonstrate that the Board of Trustees was misled by reports prepared by the Medical Board that contained a statement that the petitioner altered an MRI report or by statements that he returned to "full duty" after the incident and continued to work for "several years." With regard to the MRI report, at a September 13, 2018 meeting, the Chair of the Medical Board informed the Board of Trustees that the discrepancy between the MRI reports submitted on two different days was resolved by the inspector general's office and that the addendum was written by a doctor. With regard to the issue of whether the petitioner returned to full duty and continued to work for several years, when he worked for approximately one year and seven months after the incident, the petitioner had multiple opportunities to testify and to present evidence of these facts, which the Board of Trustees considered.
Moreover, there is no evidence supporting the petitioner's contention that the December 29, 2013 incident precipitated the development of a latent condition or aggravated a preexisting condition (see Matter of Tobin v Steisel, 64 NY2d 254, 259).
Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.
LASALLE, P.J., ROMAN and CHRISTOPHER, JJ., concur.
DOWLING, J., dissents, and votes to modify the judgment, on the law, by deleting the provision thereof directing that the petitioner be granted performance of duty disability retirement benefits retroactive to February 24, 2015, and substituting therefor a provision remitting the matter to the Board of Trustees of the New York City Employees' Retirement System for further proceedings in accordance herewith, and, as so modified, to affirm the judgment, with the following memorandum:
In my view, the matter should be remitted to the Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees) for further consideration of the petitioner's application and a new determination thereafter. Although there is some credible evidence to support the conclusion of the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board), adopted by the Board of Trustees, that the petitioner's disability was not causally related to the December 29, 2013 incident, the record before us demonstrates that the reports prepared by the Medical Board purposefully or by omission misled the Board of Trustees as to the causal connection between the incident and the petitioner's disability [*3]by failing to correct an untrue statement therein that the petitioner had altered an MRI report, and by stating that the petitioner returned to "full duty" after the incident and continued to work "for several years," when in fact the petitioner was reassigned to posts that required minimal standing or walking and he stopped working approximately one year and seven months after the incident. Given these inaccuracies in the reports prepared by the Medical Board, it cannot be said that the determination of the Board of Trustees was based "on evidence that will allow an advised conclusion" (Matter of Brady v City of New York, 22 NY2d 601, 607). Therefore, I respectfully dissent, and vote to modify the judgment by deleting the provision thereof directing that the petitioner be granted performance of duty disability retirement benefits retroactive to February 24, 2015, and substituting therefor a provision remitting the matter to the Board of Trustees for further proceedings in accordance herewith.
ENTER:
Maria T. Fasulo
Clerk of the Court