Matter of Rosa v New York City Employees' Retirement Sys. (2024 NY Slip Op 02538)

Matter of Rosa v New York City Employees' Retirement Sys.

2024 NY Slip Op 02538

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2021-06071
 (Index No. 521512/20)

[*1]In the Matter of Emilena Rosa, appellant,
v
New York City Employees' Retirement System, respondent.

Goldberg & McEnaney, LLC, Port Washington, NY (Timothy McEnaney of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Susan Paulson and Jeremy Pepper of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review determinations of the Board of Trustees of the New York City Employees' Retirement System dated April 12, 2018, and March 12, 2020, which denied the petitioner's applications for disability retirement benefits pursuant to Retirement and Social Security Law § 507-c, the petitioner appeals from a judgment of the Supreme Court, Kings County (Lillian Wan, J.), dated August 2, 2021. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
On April 15, 2016, the petitioner, while working as a correction officer with the New York City Department of Correction, allegedly sustained injuries during an altercation with an inmate. On August 28, 2017, the petitioner applied for performance of duty disability retirement benefits pursuant to Retirement and Social Security Law § 507-c, alleging that she sustained disabling injuries to her right shoulder as a result of the April 2016 incident. On April 12, 2018, the Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees), which adopted the recommendation of the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board) rejecting the petitioner's contention that she was disabled from performing her duties as a result of the alleged right shoulder injuries, denied the petitioner's application for performance of duty disability retirement benefits. Thereafter, on March 28, 2019, the petitioner filed a second application for performance of duty disability retirement benefits, this time asserting that she suffered disabling injuries to both her right shoulder and right knee as a result of the April 2016 incident. In response, the Medical Board again found that the petitioner did not suffer a disability relating to her alleged right shoulder injuries but concluded that she did suffer from a right knee-related disability. Nonetheless, the Medical Board recommended denial of the petitioner's application on the ground that her disabling condition was the result of the natural progression of a degenerative condition and was not causally related to the April 2016 incident. On March 12, 2020, following a hearing, the Board of Trustees adopted the Medical Board's recommendation and denied the petitioner's second application for performance of duty disability retirement benefits.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determinations of the Board of Trustees dated April 12, 2018, and March 12, 2020. In a judgment dated August 2, 2021, the Supreme Court denied the petition and dismissed the proceeding, finding that the determinations were supported by credible medical evidence and, thus, were not arbitrary and capricious. The petitioner appeals.
"Retirement and Social Security Law § 507-c allows for enhanced disability retirement benefits for members of the New York City Employees' Retirement System who are employed as correction officers" (Matter of Hernandez v New York City Employees' Retirement Sys., 148 AD3d 706, 707). "[T]he statute provides," among other things, "that a correction officer is entitled to 'a performance of duty disability retirement allowance equal to three-quarters of [his or her] final average salary' if the officer becomes physically incapacitated as a result of an injury that was 'sustained in the performance or discharge of his or her duties by, or as a natural and proximate result of, an act of any inmate'" (id., quoting Retirement and Social Security Law § 507-c[a]). "An applicant for accident disability retirement benefits has the burden of establishing that a disability is causally connected to a performance of duty accident" (Matter of Singleton v New York City Employees' Retirement Sys., 208 AD3d 882, 882). "The Medical Board determines whether a member applying for disability retirement benefits is disabled, and the Board of Trustees is bound by the Medical Board's finding that an applicant is, or is not, disabled for duty" (Matter of Russell v New York City Employees' Retirement Sys., 155 AD3d 1046, 1046). "If the Medical Board concludes that the applicant is disabled, it must then make a recommendation to the Board of Trustees as to whether the disability was a natural and proximate result of an accidental injury received in . . . city-service" (Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760 [internal quotation marks omitted]). "The resolution of conflicting medical evidence is within the sole province of the Medical Board, and it [is] entitled to credit the diagnosis of its own doctors over that of the petitioner's doctor" (Matter of Bradley v New York City Employees' Retirement Sys., 193 AD3d 847, 849). If the Medical Board concludes that a disability exists, the Board of Trustees "must then make its own evaluation as to the Medical Board's recommendation regarding causation" (Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d at 760). However, "[t]he Board of Trustees is entitled to rely on the advisory opinion of the Medical Board regarding causation" (Matter of Giuliano v New York Fire Dept. Pension Fund, 185 AD3d 812, 814; see Matter of Tobin v Steisel, 64 NY2d 254, 259).
In a proceeding pursuant to CPLR article 78 to review a final determination on an application for performance of duty disability benefits, the Medical Board's finding with regard to the presence of a disability "is conclusive if it is supported by some credible evidence and is not arbitrary or capricious" (Matter of Russell v New York City Employees' Retirement Sys., 155 AD3d at 1046 [internal quotation marks omitted]). Similarly, "[o]rdinarily, the decision of the [B]oard of [T]rustees as to the cause of an officer's disability will not be disturbed unless its factual findings are not supported by substantial evidence or its final determination and ruling is arbitrary and capricious" (Matter of Singleton v New York City Employees' Retirement Sys., 208 AD3d at 882-883 [internal quotation marks omitted]). "Substantial evidence in this context means some credible evidence" (Matter of Maxwell v New York City Employees' Retirement Sys., 210 AD3d 1095, 1096 [internal quotation marks omitted]). "Credible evidence is evidence that proceeds from a credible source and reasonably tends to support the proposition for which it is offered, and . . . must be evidentiary in nature and not merely a conclusion of law, nor mere conjecture or unsupported suspicion" (Matter of Giuliano v New York Fire Dept. Pension Fund, 185 AD3d at 814 [internal quotation marks omitted]; see Matter of Singleton v New York City Employees' Retirement Sys., 208 AD3d at 883). Therefore, in an article 78 proceeding, "as long as there was any credible evidence of lack of causation before the Board of Trustees, its determination must stand" (Matter of Giuliano v New York Fire Dept. Pension Fund, 185 AD3d at 814 [internal quotation marks omitted]). "A mere conflict in opinion among physicians is not a ground for disturbing a determination" (Matter of Bradley v New York City Employees' Retirement Sys., 193 AD3d at 848 [internal quotation marks omitted]).
Here, the conclusions of the Medical Board were supported by credible evidence, such as its independent interviews and examinations of the petitioner and its review of medical [*2]records from her treating physicians, including, inter alia, reports relating to multiple MRIs of her right knee (see Matter of Maxwell v New York City Employees' Retirement Sys., 210 AD3d at 1096; cf. Matter of Stack v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 235 AD2d 483, 483). In addition to its medical finding that the conditions in the petitioner's right knee were degenerative in nature, the Medical Board's causation recommendation was influenced by the petitioner's admission that she returned to full duty for months following the April 2016 incident. The record before the Board of Trustees also revealed that the petitioner did not include a claim relating to her right knee in her initial benefits application and only asserted such a claim after that application was rejected (see Matter of Williams v Ward, 227 AD2d 307, 308). The determinations of the Board of Trustees to adopt the Medical Board's recommendations with regard to causation therefore were neither irrational nor arbitrary and capricious (see Matter of Singleton v New York City Employees' Retirement Sys., 208 AD3d at 883; Matter of Russell v New York City Employees' Retirement Sys., 155 AD3d at 1047).
Contrary to the petitioner's contention, the record does not demonstrate that the Board of Trustees was misled by or materially relied upon a misstatement of fact by Joseph Bottner, a physician, at the hearing on the petitioner's second application for performance of duty disability retirement benefits (see Matter of Singleton v New York City Employees' Retirement Sys., 208 AD3d at 883). Bottner stated that he "would think" that the first MRI of the petitioner's right knee following the April 2016 incident was one conducted in 2018, but the petitioner underwent an MRI of her right knee in September 2016. However, not only did the petitioner's attorney mention the 2016 MRI of the petitioner's right knee during his presentation at the hearing, but the Medical Board's report on the petitioner's second application discussed that MRI. In any event, the petitioner's contention that the Board of Trustees's alleged failure to consider the 2016 MRI of the petitioner's right knee mandates annulment of its determination is without merit (cf. Matter of Gaudioso v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 40 AD3d 638, 639; Matter of Stack v Board of Trustees of N.Y. City Fire Dept. Art., 1-B Pension Fund, 235 AD2d at 483; Matter of Mescall v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 204 AD2d 643, 644-645). The petitioner asserts that annulment is warranted because the 2016 MRI of her right knee established incontrovertible evidence of a causally related disability, yet the Medical Board concluded that the findings of that MRI were "consistent with degenerative disease of [the right] knee[,] not with any acute injury," and the Board of Trustees was permitted to rely upon the Medical Board's conclusion (see Matter of Giuliano v New York Fire Dept. Pension Fund, 185 AD3d at 814).
Moreover, contrary to the petitioner's contention, the Medical Board's finding on her first application that she did not suffer a right shoulder-related disability was supported by credible evidence (see Matter of Russell v New York City Employees' Retirement Sys., 155 AD3d at 1046). In any event, in her interview with the Medical Board with respect to her second application, the petitioner conceded that she was not disabled by the condition of her right shoulder.
The petitioner's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court