Matter of LaBella v New York City Employees' Retirement Sys. (2024 NY Slip Op 05801)

Matter of LaBella v New York City Employees' Retirement Sys.

2024 NY Slip Op 05801

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2020-07794
 (Index No. 473/19)

[*1]In the Matter of Robert LaBella, respondent,
v
New York City Employees' Retirement System, appellant.

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Jeremy W. Shweder, Kate Fletcher, and Shane Magnetti of counsel), for appellant.
Goldberg & McEnaney LLC, Port Washington, NY (Timothy McEnaney of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated October 12, 2018, denying the petitioner's application for World Trade Center disability retirement benefits pursuant to Retirement and Social Security Law § 605(h), the New York City Employees' Retirement System appeals from a judgment of the Supreme Court, Kings County (Francois A. Rivera, J.), dated February 19, 2020. The judgment, insofar as appealed from, granted the petition to the extent of annulling the determination and directed that the petitioner be provided with World Trade Center disability retirement benefits retroactive to October 11, 2018.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The petitioner, Robert LaBella, who worked as an auto mechanic for the New York City Department of Sanitation for more than 30 years, was a first responder at the World Trade Center site following the attacks on September 11, 2001. In March 2013, the petitioner applied for disability retirement benefits pursuant to Retirement and Social Security Law § 605(h) (hereinafter WTC disability benefits), also known as the World Trade Center Disability Law, alleging that he was disabled due to prostate cancer and that his condition was caused by exposure to toxins while serving as a first responder. In August 2013, the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board) determined that the petitioner was not disabled from performing his duties as an auto mechanic. The Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees) adopted the Medical Board's determination and denied the petitioner's application for WTC disability benefits. In January 2014, the petitioner commenced a proceeding pursuant to CPLR article 78 to review the determination of the Board of Trustees. In a judgment dated May 30, 2014, the Supreme Court concluded that the determination was arbitrary and capricious and remanded the matter to the New York City Employees' Retirement System (hereinafter NYCERS) for reconsideration.
In January 2016, the Medical Board again determined that the petitioner was not disabled from performing his duties as an auto mechanic, and the Board of Trustees adopted that [*2]determination and denied the petitioner's application for WTC disability benefits. In November 2016, the petitioner commenced a proceeding pursuant to CPLR article 78 to challenge that determination. In a judgment dated May 30, 2017, the Supreme Court, among other things, granted the petition to the extent of remanding the matter to NYCERS for further consideration.
In May 2018, the Medical Board determined that the petitioner was not disabled from performing his duties as an auto mechanic "due to prostate cancer or the sequela of treatment." On October 12, 2018, the Board of Trustees adopted that determination and denied the petitioner's application for WTC disability benefits. In January 2019, the petitioner commenced this proceeding, inter alia, pursuant to CPLR article 78 to review the Board of Trustees' determination. In a judgment dated February 19, 2020, the Supreme Court, among other things, granted the petition to the extent of annulling the Board of Trustees' determination and directed that the petitioner be provided with WTC disability benefits retroactive to October 11, 2018. NYCERS appeals.
A member of NYCERS who participated in the World Trade Center rescue, recovery, or clean-up operations following the September 11, 2011 terrorist attacks may apply for disability retirement benefits under Retirement and Social Security Law § 605. If the applicant for such benefits suffers from "any condition or impairment of health . . . caused by a qualifying World Trade Center condition," a presumption attaches that such condition or impairment of health "was incurred in the performance and discharge of duty and the natural and proximate result of an accident . . . unless the contrary [is] proved by competent evidence" (id. § 605[h][1][a]). A "qualifying World Trade Center condition" is defined as a "qualifying condition or impairment of health resulting in disability" (id. § 2[36][a]). Qualifying conditions encompass "new onset diseases resulting from exposure," including cancer (see Matter of Bitchatchi v Board of Trustees of the N.Y. City Police Dept. Pension Fund, Art. II, 20 NY3d 268, 277 [internal quotation marks omitted]). "The net effect of the statutory presumption is that 'first responders . . . need not submit any evidence—credible or otherwise—of causation in order to obtain the enhanced accidental disability retirement benefits,'" but rather "the burden falls to the relevant pension fund . . . to tender 'affirmative competent or credible evidence to disprove causation'" (Matter of Cardno v New York State & Local Retirement Sys., 105 AD3d 1173, 1174, quoting Matter of Bitchatchi v Board of Trustees of the N.Y. City Police Dept. Pension Fund, Art. II, 20 NY3d at 282 [alternations omitted]; see Matter of Samadjopoulos v New York City Employees' Retirement Sys., 104 AD3d 551, 552).
"The Medical Board determines whether a member applying for disability retirement benefits is disabled, and the Board of Trustees is bound by the Medical Board's finding that an applicant is, or is not, disabled for duty" (Matter of Russell v New York City Employees' Retirement Sys., 155 AD3d 1046, 1046; see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760). "The Medical Board's determination is conclusive if it is supported by some credible evidence and is not arbitrary or capricious" (Matter of Russell v New York City Employees' Retirement Sys., 155 AD3d at 1046 [internal quotation marks omitted]; see Matter of Drummond v New York City Employees' Retirement Sys., 98 AD3d 1116, 1117). "In applying the arbitrary and capricious standard, a court inquires whether the determination under review had a rational basis" (Matter of Gibson v Commissioner of the N.Y. State Dept. of Motor Vehs., 223 AD3d 667, 667 [internal quotation marks omitted]).
Here, the determination of the Medical Board that the petitioner was not disabled from performing his job duties was arbitrary and capricious (see Matter of Samadjopoulos v New York City Employees' Retirement Sys., 104 AD3d at 553). The record showed that the petitioner was diagnosed with prostate cancer following a prostate biopsy and that the petitioner suffered from cognitive impairment after developing sepsis with encephalitis from the biopsy. The petitioner was evaluated by an independent medical examiner, Solomon Miskin, who initially found that the petitioner was "permanently disabled and unable to perform the duties of his job." Although Miskin subsequently opined that the petitioner could return to performing his duties, Miskin indicated that the petitioner's work, including "managing safety-sensitive tasks," should be "specifically and carefully supervised and reviewed" due to the petitioner's condition. The petitioner was also evaluated by Lauren Caruso, who opined that the petitioner suffered cognitive defects related to sepsis with encephalopathy incurred secondary to the biopsy for prostate cancer. While Caruso opined that "with adequate treatment [the petitioner] would be able to return to full duty within one [*3]year," she stated that unless cleared by a qualified supervisor, "[the petitioner] would also require that his work be monitored and reviewed for safety to himself and others." Thus, even assuming, arguendo, that the Medical Board had a rational basis for discounting Miskin's initial conclusion that the petitioner was "permanently disabled and unable to perform the duties of his job," the subsequent opinion of Miskin and the opinion of Caruso established that the petitioner's condition would require supervision of his work. Consequently, those opinions demonstrated that the petitioner was not able to perform his actual job duties in the manner he had done prior to his cognitive impairment. Since "[t]he dispositive issue is whether [the] petitioner was permanently incapacitated from performing his actual job duties" (Matter of Haag v DiNapoli, 201 AD3d 1179, 1180; see 2 NYCRR 364.1), the Medical Board's determination that the petitioner was not disabled from performing his duties was arbitrary and capricious.
Further, to the extent the Medical Board relied on the report of James Lynch, that report did not support a determination that the petitioner was not disabled from performing his job duties. Lynch, who evaluated the petitioner and opined that the petitioner suffered from cognitive impairment, stated that "it is not clear to this examiner" whether the petitioner's cognitive impairment would render him disabled from doing his job, and that "I cannot say" whether the petitioner's cognitive impairment "would be considered disabling for [the petitioner's] work." Thus, Dr. Lynch's report did not provide a rational basis for the Medical Board's determination.
Moreover, the Medical Board did not address the opinion of Dr. David Janeway, the petitioner's psychiatrist, that the petitioner had ongoing cognitive deficits that would make it "dangerous for himself and others to operate machinery" in the performance of his job duties, or the opinion of Cynthia Heller, the petitioner's psychologist, that the petitioner's symptoms would prevent him from performing his job duties adequately and safely.
Contrary to NYCERS's contention, there was no evidence that treatment options were available to the petitioner or that any such treatment "would have enabled [the petitioner] to fully resume his . . . duties" (Matter of Kuczinski v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 8 AD3d 283, 284). Neither Dr. Caruso nor the Medical Board cited to any evidence, data, or facts to support the existence of such treatment or that any such treatment would enable the petitioner to return to his full duties (see Matter of Meyer v Board of Trustees of the N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 147; cf. Matter of Bitchatchi v Board of Trustees of the N.Y. City Police Dept. Pension Fund, Art. II, 20 NY3d at 282).
Furthermore, the determination of the Medical Board that the petitioner was not disabled "due to prostate cancer or the sequela of treatment" (emphasis added) was arbitrary and capricious, as the record, including the report of Caruso, reflects that the petitioner suffered from cognitive impairment related to sepsis with encephalopathy incurred secondary to the biopsy for prostate cancer. Moreover, NYCERS failed to present credible evidence to rebut the statutory presumption that the petitioner's disability was caused by his activities at the World Trade Center site (see Matter of Bitchatchi v Board of Trustees of the N.Y. City Police Dept. Pension Fund, Art. II, 20 NY3d at 284).
The parties' remaining contentions either need not be reached in light of our determination, are without merit, or are improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly granted the petition to the extent of annulling the Board of Trustees' determination and directed that the petitioner be provided with WTC disability benefits retroactive to October 11, 2018.
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court